[L. A. No. 3418. Department One.—December 3, 1913.]

In the Matter of the Estate of MATILDA WALDEN, Deceased. MARTHA MONRO, Respondent, v. FRANK BRYSON et al., Defendants and Respondents; WILLIAM LATIMER et al., Defendants and Appellants.

ESTATE OF DECEDENT—DETERMINATION OF HEIRSHIP ON CONFLICTING EVIDENCE—CONCLUSIVENESS ON APPEAL.—Where the evidence is conflicting in a proceeding to determine the succession to an estate of a decedent, a finding of the trial court, based thereon, will not be reviewed on appeal; unless an abuse of discretion on the part of the court below is shown, the finding must stand on appeal, though all the testimony was by deposition.

ID.—EVIDENCE—DECLARATIONS AS TO FAMILY HISTORY.—Declarations by members of the family of the decedent concerning the family history and relationship, made after the controversy over the succession to his estate arose, are not admissible to prove heirship.

ID.—DECLARATIONS TO PROVE PEDIGREE—WHEN INADMISSIBLE.—Such declarations are not admissible to prove pedigree or relationship, except when they are made by the members of the family as natural or spontaneous declarations on the subject and before any dispute has arisen over the question or any claim has been made to the establishment of which the declarations would be material.

ID.—DECREE OF DISTRIBUTION—CONCLUSIVENESS AS TO HEIRSHIP—COLLATERAL PROCEEDING.—A decree of distribution is conclusive upon those who may thereafter claim the property as heirs of the person whose estate was thereby distributed, but it is not conclusive as to the facts on which such heirship depends when they arise collaterally in another action.

ID.—NEW TRIAL—NEWLY DISCOVERED EVIDENCE—WHEN NOT GROUND.—
The trial court may, in its sound discretion, refuse a new trial, ap-
plied for on the ground of newly discovered evidence, where the new
evidence is merely cumulative, or where it tends merely to impair
the credibility of the evidence of the prevailing party.

APPEAL from a judgment of the Superior Court of Los
Angeles County and from an order refusing a new trial.
James C. Rives, Judge.

The facts are stated in the opinion of the court.

Elon G. Galusha, for Appellants.

C. M. Stephens, George P. Adams, William T. Kendrick,
Leland S. Bower, Williams, Goudge & Chandler, Charles
Cassat Davis, Ball & Ball, and Trusten P. Dyer, for Re-
spondents.

SHAW, J.—This is an application, under section 1664 of
the Code of Civil Procedure, to have the succession to the estate
of Matilda Walden determined. The court adjudged that
Martha Monro was a niece of the decedent and was entitled
to one-half of the estate, and that the five children of Jane
Ross, deceased, who was also a niece of the decedent, were
entitled to the remaining half. William Latimer and five
other persons, claiming as descendants of James Latimer, a
deceased uncle of the decedent, have appealed from this judg-
ment and from an order denying their motion for a new trial.

The decedent, Matilda Walden, a childless widow, was the
last survivor of the five children of William Wilson and
Martha Wilson. The names of the five brothers and sisters
were John Wilson, George Wilson, Matilda Wilson, Eliza Wil-
son, and James Wilson. John, George, and Eliza died child-
less. The controversy in this case arose over the question
whether or not James, the other brother, died without issue.
The court decided that he had children, of whom the said
Martha Monro and the children of Jane Ross aforesaid are the
only survivors. These, being the next of kin, were awarded
the succession to the estate. The principal contention of the
appellants is that this decision is not sustained by sufficient
evidence.

There is no ground upon which this court can interfere with the decision of the court below upon this question. The fact that James Wilson was a brother of the decedent and that the above mentioned persons are his surviving child and grandchildren was established by the testimony of said Martha Monro, Robert Ross, Sarah Warren, Robert Wilson, Eliza Roe, Thomas Jones, Richard Kells, and John Morton. There is nothing in this case to distinguish it from the ordinary case where a decision is rendered upon conflicting evidence. While it is true that the witnesses did not, upon cross-examination, sustain themselves to the entire satisfaction of the appellants, nevertheless, their testimony, if true, was sufficient to prove the validity of the claims of the respondents and the decision of the court below as to their credibility is conclusive upon this court. Even if we concede the claim of the appellants that the appellate court may weigh the evidence where all of the testimony is given by deposition, it is not of such a character that we would be justified in reversing the decision of the trial court upon the ground that it was an abuse of discretion. Unless such abuse appears the finding must stand.

The testimony of the appellants' witness, Miss Leckey, to conversations she had in Ireland with members of the Wilson family, in which it is claimed they made statements concerning the family history and relationship, was properly excluded by the court below. The conversations took place after this controversy over the succession to Matilda Walden's estate arose. Such declarations are not admissible to prove pedigree or relationship, except when they are made by the members of the family as natural or spontaneous declarations on the subject and before any dispute has arisen over the question or any claim has been made to the establishment of which the declarations would be material. (*Estate of Hartman,* 157 Cal. 213, [21 Ann. Cas. 1302, 36 L. R. A. (N. S.) 530, 107 Pac. 105]; 2 Wigmore on Evidence, sec. 1483.) Here it appears that the purpose of the conversations was to obtain evidence concerning the heirship to this estate, and, hence, they were without the sanction which the law requires in order to make them admissible.

The record shows that a statement signed by Matilda Walden was ''offered in evidence,'' and it then proceeds as follows: ''The paper was produced from the court files in the

estate of John Wilson, which estate was distributed to decedent as the only heir of John Wilson in 1898, and the decree of distribution was offered in evidence.'' It appears to be assumed that this is a sufficient statement that the decree was made by a court ·of competent jurisdiction in a proceeding regularly and duly had before it. It does not appear that the decree was actually received in evidence and counsel differ upon this point. Assuming that it was so received, appellants make the following as their sole argument thereon: ''The decree of distribution in the estate of John Wilson is conclusive on the heirs of John Wilson, deceased, including Martha Monro. *Quirk* v. *Rooney,* 130 Cal. 508, [62 Pac. 825].'' The case just cited declares the principle that a decree of distribution, duly made, is conclusive upon those who may thereafter claim the property as heirs of the person whose estate was thereby distributed. But it also recognizes the rule that such a decree is not conclusive as to the facts on which such heirship depends when they arise collaterally in another action. That case was a second appeal, the previous case appearing as *Lynch* v. *Rooney,* 112 Cal. 279, [44 Pac. 565]. In the case last cited it appeared that the court, in distributing the estate of one Bryan Lynch to Catherine Clark, had found and adjudged that she was the sister and sole heir of Bryan Lynch, in effect, adjudging that, as to that heirship, there were no other brothers or sisters, or descendants of any, living at the death of Lynch. Yet it was there averred and proved that a brother, Patrick, and the children of a sister Nancy, had also survived Bryan, and that the children of Patrick were entitled to a part of the property by virtue of a trust declared therein by Catherine Clark's grantee. In the present case, the right to inherit the estate of John Wilson is clearly not the same thing as the right to inherit the estate of Matilda Walden. The latter right could not have been adjudicated until after it accrued. When such an issue was presented for adjudication it must necessarily have been determined upon the evidence then presented. The fact of relationship, upon which it depends, may be the same as in the case of the estate of John Wilson, but the former adjudication as to John Wilson is not conclusive as to kinship upon the inquiry as to Matilda Walden, although it may have been admissible as evidence on the subject. It is to be presumed that there was

CLXVI Cal.—29

no contest over the question upon the settlement and distribution of the estate of John Wilson, since the appellants have not presented any record disclosing such contest.

We cannot say that the court below abused its discretion in denying the motion for a new trial so far as it was based on newly discovered evidence. All of the new evidence presented comes within the well established rule that the trial court may, in its sound discretion, refuse a new trial upon this ground, where the new evidence is merely cumulative, or where it tends merely to impair the credibility of the evidence of the prevailing party. (*Chalmers* v. *Sheehy*, 132 Cal. 462, [84 Am. St. Rep. 62, 64 Pac. 709] ; *People* v. *Goldenson*, 76 Cal. 352, [19 Pac. 161] ; *Wood* v. *Moulton*, 146 Cal. 322, [80 Pac. 92] ; *Stoakes* v. *Munroe*, 36 Cal. 388; *People* v. *Weber*, 149 Cal. 350, [86 Pac. 671].) These comprise all the questions presented in the briefs.

The judgment and order are affirmed.

Angellotti, J., and Sloss, J., concurred.

Hearing in Bank denied.