## UNITED STATES v. ASH SHEEP CO.

### (District Court, D. Montana. February 4, 1916.)

### No. 11.

**1. INDIANS ⬅19—LANDS—TRESPASS—LIABILITY.**

Rev. St. § 2117 (Comp. St. 1913, § 4107), providing that any one driving any stock of horses, mules or cattle to range and feed on any land belonging to any Indian or Indian tribe without the consent of such tribe, is liable to a penalty of $1 for each animal of such stock, applies only to lands so far in Indian occupancy and control that grazing will be an injury to the Indians, and to which they may consent.

[Ed. Note.—For other cases, see Indians, Cent. Dig. § 51; Dec. Dig. ⬅19.]

**2. INDIANS ⬅19—LANDS—TRESPASS—LIABILITY—"CATTLE."**

Rev. St. § 2117 (Comp. St. 1913, § 4107), providing a penalty of $1 a head for grazing horses, mules, or cattle on the land of any Indian or Indian tribe, does not apply to sheep, as the special mention of horses and mules, without so mentioning them as to indicate an enumeration of particulars of a general class following, indicates that Congress used the word "cattle" in its particular and limited sense, as meaning animals of the bovine genus, and not with its general and extended meaning, of all animals of domestic kind, especially as Congress almost invariably uses the word "cattle" in this limited sense.

[Ed. Note.—For other cases, see Indians, Cent. Dig. § 51; Dec. Dig. ⬅19.

For other definitions, see Words and Phrases, First and Second Series, Cattle.]

**3. EQUITY ⬅39—RETAINING JURISDICTION ACQUIRED—ENFORCING PENALTIES.**

In a suit to enjoin trespasses on Indian lands, a court of equity will not render a judgment for the recovery of statutory penalties for the trespass, since while equity having jurisdiction retains it for full relief, it does so for remedial, and not for punitory, purposes.

[Ed. Note.—For other cases, see Equity, Cent. Dig. §§ 104–114; Dec. Dig. ⬅39.]

**4. APPEAL AND ERROR ⬅1207—PROCEEDINGS AFTER REMAND—JURISDICTION OF LOWER COURT.**

Where a suit to enjoin trespasses on Indian lands was remanded by the Circuit Court of Appeals, with directions to enter judgment granting an injunction and awarding such damages as the court might find complainant entitled to, this was the law of the case, and the court could not render a judgment for statutory penalties for the trespass.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4696–4699; Dec. Dig. ⬅1207.]

In Equity. Suit by the United States against the Ash Sheep Company to enjoin grazing of sheep on Indian lands. Decree for the United States for an injunction and nominal damages.

B. K. Wheeler, U. S. Atty., of Butte, Mont., Homer G. Murphy, Asst. U. S. Atty., of Helena, Mont., and Frank Woody, Asst. U. S. Atty., of Butte, Mont.

C. B. Nolan and Wm. Scallon, both of Helena, Mont., for defendant.

BOURQUIN, District Judge. This is a suit to enjoin defendant from grazing sheep on lands now determined to be Indian lands held

in trust by plaintiff (221 Fed. 587, 137 C. C. A. 306), and for damages. Plaintiff contends that it is entitled to recover $1 per head of sheep grazed, by virtue of section 2117, R. S. (Comp. St. 1913, § 4107), which provides that any one who drives any "stock of horses, mules, or cattle, to range and feed on any land belonging to any Indian or Indian tribe, without the consent of such tribe, is liable to a penalty of one dollar for each animal of such stock." This is impossible for several reasons:

[1] First. The statute contemplates lands so far in Indian occupancy and control that grazing will be an injury to the Indians and to which they may consent. The lands involved are otherwise.

[2] Second. The penalty expressly attaches to "horses, mules, or cattle," and sheep are not thereby included. It is apparent that Congress had in mind the particular and limited definition of the word "cattle," animals of the bovine genus, and not the general and extended meaning, all animals of domestic kind. Otherwise, horses and mules would not have been specially mentioned, or would have been so mentioned as to indicate but enumeration of particulars of a general class following. To illustrate, "horses, mules, or *any other* cattle." For horses and mules are within the general meaning of "cattle," even as sheep, swine, etc., are. Examination of the acts of Congress, and especially Indian legislation, makes manifest that Congress practically invariably uses the word "cattle" in the limited sense of bovine animals, and for general inclusion makes use of the words "stock," "useful domestic animals," and "live stock." In the earliest legislation to penalize grazing Indian lands, the prohibition was of "horses or cattle," and the same act provided that the Indians would be supplied with "useful domestic animals." Act March 3, 1799, c. 46, 1 Stat. 747. Range animals were intended, and sheep were not then ranged.

U. S. v. Mattock, Fed. Cas. No. 15,744, is to the contrary, but seems to lay too much stress upon the mischief intended to be remedied. A case is not within a penal statute though within the mischief of, unless also within the legislative intent as disclosed by the language used. It would seem Congress had in mind only the three classes of range animals, horses, mules, and bovines, and fixed a proportionate penalty for punishment, and not for confiscation, as it often would be if applied to sheep or swine.

[3] Third. If the complaint is sufficient for penalties, equity never aids the collection of statutory penalties. True, equity, having jurisdiction, retains it for full relief; but this for remedial and not punitory purposes—here for injunction and compensatory damages, and not for punishment, of which are penalties.

[4] Fourth. The appellate tribunal remanded the suit, "with directions to enter judgment for the complainant for the injunction prayed for, and for such damages as the court may find complainant entitled to." That is the law of the case. There is no evidence of substantial damages, and for the technical trespass nominal damages are awarded.

Decree will be entered for an injunction, $1 damages, and costs.