[L. A. No. 5105. Department Two.—April 12, 1917.]

In the Matter of the Estate of MATILDA WALDEN, Deceased. MARTHA MONRO, Respondent, v. FRANK BRYSON, Public Administrator, et al., Respondents; WILLIAM LATIMER et al., Appellants.

ESTATE OF DECEASED PERSON—CONTEST TO ESTABLISH HEIRSHIP—UNSUCCESSFUL CLAIMANT — CLAIM FOR EXPENSES OF CONTEST.— Neither an unsuccessful claimant to heirship in an intestate's estate, nor his attorney, is a party interested in the estate, and neither of them is entitled to present a claim against the estate for services or for the expenses of procuring witnesses on the trial of the contest to determine heirship, on the theory that such services and the testimony of the witnesses were instrumental in establishing the heirship of the successful claimants.

APPEAL from an order of the Superior Court of Los Angeles County rejecting a claim against the estate of a deceased person. James C. Rives, Judge.

The facts are stated in the opinion of the court.

Elon G. Galusha, for Appellants.

Neighbours, Hoag & Burke, for Plaintiff and Respondent.

C. White Mortimer, Mott & Dillon, Ball & Ball, and Trusten P. Dyer, for Defendants and Respondents.

THE COURT.—Upon the death of Matilda Walden, intestate, a controversy over kinship and heirship to her and the consequent right of succession to her estate arose. There were three sets of claimants who for convenience may be designated the Monro claimants, the Latimer claimants, and the American claimants. The contest was decided in favor of the Monro claimants to the exclusion of the Latimer and the American claimants. From the decree determining heirship against them the Latimer claimants appealed and were unsuccessful on their appeal. (*Estate of Walden,* 166 Cal. 446, [137 Pac. 35].) The result of necessity was that the decree determining heirship in favor of the Monro claimants became and is final and conclusive. Thereafter, and in the matter of the estate of Matilda Walden, Elon G. Galusha filed a petition and claim which he entitled "Claim against the costs of administration of the Estate of Matilda Walden, deceased." His petition and claim asserted that he is the attorney at law for the Latimers, and presents to the administrator of the estate "his claim against the costs of administration of said estate; and states that the testimony of the witnesses produced by the defendants Latimer have materially contributed to the finding by the court that Martha Monro and her sister's children are entitled to the estate of the decedent." The petition and claim proceeded further to expound that the Latimers expended about two thousand dollars in securing the attendance of witnesses upon the trial of the contest to determine heirship and that the testimony of these witnesses was valuable to the Monros' case; still further, that his own services to the Monros' case were worth about six thousand dollars. He then demanded payment to him of this sum.

The court refused to entertain the petition, refused allowance to the claim, and this appeal followed. The bare statement of the facts above given demonstrates the correctness of the court's determination, and before this court the case presents rather one for the imposition of costs for the taking of a frivolous appeal than for the allowance of the costs contended for.

This claim is presented in his own name and on his own behalf by the attorney for litigants claiming heirship, whose heirship by final decree has been conclusively denied. This attorney is not a party interested in the estate (*Briggs* v.

*Breen,* 123 Cal. 657 [56 Pac. 633, 886] ; *Estate of Kruger,* 143 Cal. 141, [76 Pac. 891],) nor are the Latimers, the unsuccessful claimants to heirships, parties interested in the estate. (*Estate of Blythe,* 108 Cal. 124, 125, [41 Pac. 33] ; *Estate of Walden, supra.*) Upon the merits the curious contention is advanced that the estate of Matilda Walden, deceased, became liable for these costs and these attorney's fees incurred by the unsuccessful litigants because the evidence which they produced and the services which this attorney rendered aided in defeating the claims of the American pretenders. If this be so, it forms no just basis of any legal claim under section 1720 of the Code of Civil Procedure, nor under any other provision of the law. And if these Latimers have any equitable standing it cannot in the nature of the case arise from any service which they rendered to the estate of Matilda Walden, deceased, but solely from the services which they may have rendered to the Monro claimants to that estate. If such services were in fact rendered, under convention or agreement of the parties, the claim, whatever may be its validity, is no more than a private demand against the Monro heirs. So plain must this be that it would be a waste of time to continue the discussion.

The order appealed from is affirmed.