## ASH SHEEP CO. v. UNITED STATES.

(Circuit Court of Appeals, Ninth Circuit. May 6, 1918.)

### No. 2855.

APPEAL AND ERROR ☞1097(1)—DETERMINATION—LAW OF CASE.

    A decision of the Circuit Court of Appeals, reversing a decree for defendant, will, on appeal from a decree entered pursuant to that decision, be accepted as the law of the case, where the purpose of the appeal was to keep alive the right of defendant to present the question involved for the determination of the Supreme Court.

Appeal from the District Court of the United States for the District of Montana; Geo. M. Bourquin, Judge.

Suit by the United States against the Ash Sheep Company. From a decree for the United States for injunction and nominal damages (229 Fed. 479), defendant appeals. Affirmed.

C. B. Nolan and William Scallon, both of Helena, Mont., for appellant.

Burton K. Wheeler, U. S. Atty., and Frank Woody, Asst. U. S. Atty., both of Butte, Mont., and Homer G. Murphy, Asst. U. S. Atty., of Helena, Mont.

Before GILBERT, ROSS, and HUNT, Circuit Judges.

GILBERT, Circuit Judge. On the former appeal of this case this court held by a majority opinion that the lands of the Crow Indians,

surrendered to the United States under the act of April 27, 1904 (33 Stat. 352, c. 1624), were held by the United States in trust, and did not become public lands, and that the United States was entitled to an injunction against the Ash Sheep Company, enjoining it from pasturing sheep upon said lands. United States v. Ash Sheep Co., 221 Fed. 582, 137 C. C. A. 306. The judgment of the court below was therefore reversed, and the cause was remanded, with instructions to issue an injunction as prayed for, and to render judgment for such damages as the court might find the complainant to be entitled to. On the trial thereafter had, the court below awarded nominal damages against the defendant in the sum of $1, finding from the evidence that no damage had been done to the lands by the defendant, and denied the right of the United States in that suit to recover under the provisions of section 2117, Rev. Stats. (Comp. St. 1916, § 4107), the penalty of $1 per head for the 7,100 head of sheep that had grazed upon the lands, holding that sheep were not included in the enumeration of animals found in section 2117, and holding also that, even if penalties were recoverable, they could not be recovered in that suit, since equity would not aid the collection of statutory penalties. A decree was accordingly entered, perpetually enjoining the defendant from grazing its sheep upon the lands mentioned in the bill, and adjudging that the United States recover of and from the defendant the sum of $1 damages, and its costs and disbursements. From that decree, the defendant brings this appeal.

It is admitted that the appeal in this case is taken principally for the purpose of keeping alive the right of the appellant to present by appeal to the Supreme Court of the United States the question whether the lands so surrendered by the Crow Indians to the United States are public lands, or are lands held in trust by the United States for the Indians, and subject to the control of the Bureau of Indian Affairs. No additional ground now is suggested for holding otherwise than as we held before, and our prior judgment must be accepted as the law of the case on this appeal. Roberts v. Cooper, 20 How. 467, 481, 15 L. Ed. 969; Oregon R. R. & Nav. Co. v. Balfour, 90 Fed. 295, 33 C. C. A. 57; Standard Sewing Mach. Co. v. Leslie, 118 Fed. 557, 55 C. C. A. 323.

The decree is affirmed.