UNITED STATES v. ASH SHEEP CO.

(Circuit Court of Appeals, Ninth Circuit. May 6, 1918.)

No. 3059.

1. STATUTES ⬅241(1)—PENAL STATUTES—CONSTRUCTION.

Because a statute is penal in its nature is no reason for giving it a narrow and technical construction, which will defeat the purpose for which it was enacted.

2. INDIANS ⬅19—LANDS—TRESPASS—"CATTLE."

Rev. St. § 2117 (Comp. St. 1916, § 4107), providing a penalty of $1 a head for grazing horses, mules, or cattle on the land of any Indian or

⬅For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Indian tribe, applies to sheep; such animals being within the intent of the statute and included in the general term "cattle."

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Cattle.]

3. EQUITY ☞39(1)—COURTS—JURISDICTION.

When a court of equity obtains jurisdiction for equitable purposes, it will retain it to give full relief, whether legal or equitable, as to all purposes relating to the subject-matter of the bill.

4. JUDGMENT ☞739—CONCLUSIVENESS—MATTERS CONCLUDED.

In a suit to enjoin trespass on lands ceded by Indians to the United States, a decree denying damages claimed under Rev. St. § 2117 (Comp. St. 1916, § 4107), on the ground of want of jurisdiction, is in no way conclusive against the right of the United States to recover such damages, though the court in that proceeding expressed its opinion that they were not recoverable.

In Error to the District Court of the United States for the District of Montana; Geo. M. Bourquin, Judge.

Action by the United States against the Ash Sheep Company. There was a judgment for defendant, and the United States brings error. Reversed and remanded.

See, also, 229 Fed. 479.

Burton K. Wheeler, U. S. Atty., and James H. Baldwin, Asst. U. S. Atty., both of Butte, Mont., and Homer G. Murphy, Asst. U. S. Atty., of Helena, Mont.

C. B. Nolan and William Scallon, both of Helena, Mont., for defendant in error.

Before GILBERT, ROSS, and HUNT, Circuit Judges.

GILBERT, Circuit Judge. The origin of this case is explained by what is said in Ash Sheep Co. v. United States (No. 2855) 250 Fed. 591, —— C. C. A. ——, decided at the same time herewith. After the court below (229 Fed. 479) had ruled in case 2855 that the complainant could not recover in that suit the penalties provided by section 2117, Rev. Stats. (Comp. St. 1916, § 4107), the United States brought this action at law in the court below to recover those penalties. The defenses of the defendant to the action were that the Indian's title to the lands had been extinguished; that the defendant had acquired title to several tracts of the ceded lands, and had leased from the owners other tracts, the title to which had passed from the government; that said lands so leased and owned by defendant were in separate tracts or bodies, and that in getting access to said lands the defendant's sheep were necessarily driven across the unsold lands involved herein, and grazed thereon only while being so driven; that the United States was estopped from maintaining the present action by the proceedings and judgment in case 2855; that section 2117 creates no penalty against one who drives or conveys sheep to range and feed on land belonging to an Indian or an Indian tribe.

[1, 2] The court below rendered judgment in favor of the defendant company on the pleadings, holding that section 2117 did not apply

to sheep. United States v. Ash Sheep Co. (D. C.) 229 Fed. 479. Error is assigned to that ruling. Section 2117 is as follows:

"Every person who drives or otherwise conveys any stock of horses, mules or cattle, to range and feed on any land belonging to any Indian or Indian tribe, without the consent of such tribe, is liable to a penalty of one dollar for each animal of such stock."

The first legislation of Congress on the subject is found in Act March 3, 1799 (1 Stat. 744, c. 46), which denounced a penalty against any one who "shall drive or otherwise convey any stock of horses or cattle to range on any lands allotted to or secured by treaty with the United States to any Indian tribes." In the year 1834 (4 Stat. 730) the law was amended to include mules. The defendant argues that if in this legislation Congress intended to give to the term "cattle" the inclusive meaning which the government now insists upon, there was no need for expressly mentioning mules. The statute does not seem to have been given construction except in a single case, United States v. Mattock, 2 Saw. 148, Fed. Cas. No. 15,744, a case in which Judge Deady, in a carefully considered opinion held that the word "cattle," not only in its primary sense, but in the sense in which it is used in the statute, includes sheep, and that it was the manifest intention of Congress to prevent the use of Indian lands by white people as pasture grounds for their stock without the consent of the Indians, and that sheep are as much within the mischief to be remedied as horses or oxen. The court quoted the words of Mr. Justice Story in United States v. Winn, 3 Sumn. 219, Fed. Cas. No. 16,740, where it was said:

"And where a word is used in a statute which has various known significations, I know of no rule that requires the court to adopt one in preference to another, simply because it is more restrained, if the objects of the statute equally apply to the largest and broadest sense of the word."

We are inclined to the view that the construction so given to the statute in the Mattock Case is correct, and should be followed in this case. Because a statute is penal in its nature is no reason for giving it a narrow and technical construction, which shall defeat the purpose for which it was enacted. The purpose was to protect the pasture lands of the Indians. The grazing of sheep on such lands is as destructive as that of mules or horses, probably more so. The construction of the statute should not be narrowed on account of the fact that at the time when it was enacted sheep were not pastured on lands in the vicinity of the Indian lands, and there was no apparent necessity at that time to protect the Indian lands from injury by sheep. In State v. Cleveland, 83 Ohio St. 61, 93 N. E. 467, 21 Ann. Cas. 1284, it was held that a statute may include by inference a case not originally contemplated, when it deals with the genus within which a new species is brought, and that a statute making it unlawful to throw a stone at a railroad car includes an interurban or traction railway car, although such cars were not known or in use at the time when the statute was enacted. In Johnson v. Southern Pacific Co., 196 U. S. 18, 25 Sup. Ct. 158, 49 L. Ed. 363, the court, quoting from United States v. Lacher, 134 U. S. 624, 10 Sup. Ct. 625, 33 L. Ed. 1080, said:

"Though penal laws are to be construed strictly, yet the intention of the Legislature must govern in the construction of penal as well as other statutes, and they are not to be construed so strictly as to defeat the obvious intention of the Legislature."

The court quoted also the language of Mr. Justice Story which is found in the opinion of Judge Deady in the Mattock Case.

[3, 4] The defense of estoppel by judgment in case No. 2855 cannot be sustained. In that case the court below, while expressing the opinion that sheep were not included within the provisions of section 2117, denied its own power to adjudicate that question in the equitable suit which was pending before it. A judgment is not conclusive on any question which, from the nature of the case or the form of the action, could not have been adjudicated in the case in which it was rendered. 23 Cyc. 1317; Oliver v. Cunningham (C. C.) 7 Fed. 689; In re Walden's Estate, 166 Cal. 446, 137 Pac. 35. It is true that, where a court of equity obtains jurisdiction for equitable purposes, it will retain it to give full relief, whether legal or equitable, as to all purposes relating to the subject-matter of the bill, and that a court having equitable jurisdiction to enjoin trespass on land will award damages for the injury already done. But here the penalty prescribed by the statute was for punitory purposes only, and was a matter entirely apart from the equitable relief which was sought in the former suit. The method of recovery of the penalty is prescribed by section 2124, Rev. Stats. (Comp. St. 1916, § 4116).

The judgment is reversed, and the cause is remanded for further proceedings.