[Civ. No. 2716. First Appellate District, Division Two.—April 15, 1919.]

## RICHARD LUTGE, Respondent, v. DUBUQUE FIRE AND MARINE INSURANCE CO., Appellant.

[1] Fire Insurance—Preponderance of Evidence—Province of Appellate Court.—Whatever the justices of the appellate court may think as to the preponderance of the evidence, they may not substitute their opinion for that of the jury wherever there is a fair, reasonable ground for a difference of opinion.

[2] Id.—Conflicting Evidence—Verdict—Appeal.—In this action to recover upon a fire insurance policy which the defendant company claimed had been canceled at the time it settled the claim for a previous fire on the premises, the evidence was such that the appellate court could not hold that there was no substantial conflict in the evidence, or that the jury rendered a verdict which was unsupported by the evidence.

[3] New Trial—Newly Discovered Evidence.—A trial court does not abuse its discretion in refusing a new trial applied for on the ground of newly discovered evidence where the new evidence is merely cumulative.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. Daniel C. Deasy, Judge. Affirmed.

The facts are stated in the opinion of the court.

Courtney L. Moore, Coogan & O'Connor and Perry Evans for Appellant.

Thomas A. Allan and Geo. K. Ford for Respondent.

LANGDON, P. J.—This is an appeal by the defendant from a judgment rendered against it in a suit to recover upon an insurance policy issued by defendant company covering loss by fire. The facts of the case are briefly these: The plaintiff was the owner of a building in San Francisco which was insured against fire by defendant. The policy had been in force for some years. The fire which caused the loss upon which suit is brought occurred on August 7, 1915. Prior to that time, to wit, on July 10, 1915, a small fire on the premises had occurred. The insurance company settled the claim therefor by paying the plaintiff $18, and it is claimed by the defendant that upon making this payment the policy was canceled by attaching to the draft sent to plaintiff a receipt which contained the statement, just above where plaintiff placed his signature, "Said policy is hereby surrendered for cancellation," and that Lutge by signing the receipt containing this statement consented to the cancellation of the policy. This is the one issue between the parties, and the appellant contends that the evidence is insufficient to justify the implied finding of the jury that the policy had not been canceled prior to the loss, and, further, that the trial court abused its discretion in denying to the defendant a new trial.

Appellant's argument upon the weight of the evidence has much force, but it is one that should properly be addressed to a jury. [1] Whatever we may think as to the preponderance of the evidence, we may not substitute our opinion for that of the jury wherever there is a fair, reasonable ground for a

difference of opinion.  It is true that the claim of the appellant that the words purporting to cancel the policy were a part of the receipt at the time it was signed by the plaintiff is upheld by the testimony of the clerk in defendant's employ who prepared the draft; by the testimony of the general agent of the defendant company who signed it, and by the testimony of an insurance broker to whom it was sent by the defendant and who in turn delivered it to plaintiff.  There is the further testimony of the insurance broker to the effect that he specifically called plaintiff's attention to the fact that the insurance policy was canceled, and that plaintiff replied that he did not care.  On the other hand, the plaintiff denied that the words "surrendered for cancellation" were on the receipt when he signed it, or that he had any notice of any kind that the policy was canceled, or that he consented to the cancellation in any way.  There are the additional circumstances that the insurance company did not accompany its receipt alleged to have embodied the agreement for cancellation with any letter calling attention to the cancellation; that the policy was in the possession of the plaintiff at the time of the fire and had never been surrendered and its surrender had not been demanded by the defendant; that the defendant company had not offered, prior to the loss, to return to plaintiff the unearned premium paid upon the policy; that, after the loss occurred, plaintiff employed an insurance adjuster to present his claim, who notified the defendant of the loss and presented the preliminary proofs of loss on August 25th; that five days thereafter the defendant replied to this letter, making some technical objection to the proofs, but not intimating in any way that the policy had been canceled, and it was not until September 14th that the defendant asserted that the policy had been canceled and denied liability thereunder.  [2]  We cannot, under such a condition of the evidence, hold that there was no substantial conflict in the evidence, and that the jury rendered a verdict which was unsupported by the evidence.

The only other point made by appellant is that the motion of the defendant for a new trial should have been granted. The affidavits filed upon the motion are all to the effect that the printed receipt had been altered and the words "surrendered for cancellation" made a part thereof before it was signed by the plaintiff.  The statements in the affidavits con-

stituted material and valuable evidence for the defendant, but such evidence was merely cumulative and it should have been produced upon the trial. Defendant did produce evidence upon this very question in the testimony of the clerk of the defendant company who prepared the draft, in the testimony of the general manager who signed it, and in the testimony of the broker who delivered it to the plaintiff. Defendant, therefore, anticipated that this would be an issue in the case, and, after the decision has been adverse to it, it may not retry the case in order to produce other and perhaps stronger evidence upon a question which was contested at the trial, when such evidence was available to the defendant at the time of the trial. [3] A trial court does not abuse its discretion in refusing a new trial applied for on the ground of newly discovered evidence where the new evidence is merely cumulative. (*People* v. *Selby S. & L. Co.,* 163 Cal. 84, [Ann. Cas. 1913E, 1267, 124 Pac. 692, 1135]; *Estate of Walden,* 166 Cal. 446, [137 Pac. 35]; *Wood* v. *Moulton,* 146 Cal. 317, [80 Pac. 92]; *Estate of Doolittle,* 153 Cal. 29, [94 Pac. 240].)

The judgment is affirmed.

Brittain, J., and Haven, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court, was denied by the supreme court on June 12, 1919.

All the Justices concurred.