[Civ. No. 10114.   First Appellate District, Division One.—August 24, 1936.]

In the Matter of the Estate of NETTIE E. BARTON, Deceased.   ERASTUS W. McGREW et al., Appellants, v. MYRTLE CONNER LOWERS et al., Appellants.

John Carfraie Birnie and Charles K. Harper for Appellants McGrew.

Norman H. Elkington for Appellants Lowers et al.

BRAY, J., *pro tem.*—There are two appeals in this case: One, by the parties denominated the Conner claimants, from an order denying their motion to vacate the judgment of the court notwithstanding the verdict; the other, by the parties denominated the McGrew claimants, from the order granting the application of the Conner claimants for a new trial.

Nettie Barton died in San Francisco December 2, 1933. Probate proceedings upon her estate were had and during the course thereof proceedings to determine heirship under the provisions of section 1080 of the Probate Code were commenced therein by Allie Mathers, May Conner Beaton, Myrtle Lowers, Frank Conner, Bertie Conner Avery and Norma Conner, claiming to be cousins of the deceased. For brevity these parties will be referred to herein as the Conner claimants. Charles L. McGrew and Erastus W. McGrew, claiming to be uncles of the deceased, filed statements in the proceedings. These parties will be referred to herein as the McGrew claimants. It was stipulated that the Conner claimants were cousins of the deceased. The issue at the

trial was the question of whether or not the mother of the deceased, Hannah Ann Conner, sometimes called Nan Conner, and the alleged father, Milton McGrew, were married. If the said mother and father were married, the McGrew claimants would be the next of kin and entitled to the estate, whereas if there were no marriage the Conner claimants would be the next of kin entitled to succeed, as the McGrew claimants could not inherit through their half-brother, Milton McGrew. (Prob. Code, sec. 256.)

The proceedings were tried by a jury which brought in a verdict in favor of the Conner claimants. A motion by the McGrew claimants for a directed verdict was denied but their motion for a judgment notwithstanding the verdict was granted and such a judgment entered. Motion by the Conner claimants to vacate the judgment was denied but their motion for a new trial was granted upon the grounds: One, of newly discovered evidence; two, errors in law occurring at the trial. It is conceded that the only error claimed was the granting of the motion for judgment notwithstanding the verdict. The Conner claimants appealed to this court from the order denying motion to vacate judgment, and the McGrew claimants appealed from the order granting a new trial. Both appeals are here before the court.

If the motion to vacate the judgment notwithstanding the verdict should have been granted, then the questions upon the appeal from the order granting a new trial are moot. Hence it is important to determine this question first. It is of some significance here that the lower court felt it erred in granting the motion for judgment notwithstanding the verdict, and in denying the motion to vacate such judgment as evidenced by the fact that one of its grounds for granting a new trial was error in granting the motion for judgment notwithstanding the verdict.

In a proceeding to determine heirship, issues of fact are joined and either party is entitled to a jury trial. (Prob. Code, sec. 1230; *Estate of Baird*, 173 Cal. 617, 623 [160 Pac. 1078].)

The power of a court to grant a motion for judgment notwithstanding the verdict is no broader than its power to direct a verdict and it cannot be exercised where

there is a conflict in the evidence, even though the conflict is such that the trial court would be justified in granting a new trial notwithstanding it. (*Hunt* v. *United Bank & Trust Co.*, 210 Cal. 108 [291 Pac. 184].) ▆ On the motion all evidence in conflict with the Conner claimants' evidence must be disregarded; the trial court cannot judge the credibility of the witnesses, and the Conner claimants' evidence should be given all the value to which it is legally entitled. Herein indulging in every legitimate inference which may be drawn from that evidence, the evidence can be set aside only if the result is a determination that there is no evidence of sufficient substantiality to support the verdict. (*Estate of Flood*, 217 Cal. 763 [21 Pac. (2d) 579].) ▆ Tested by this rule, the evidence disclosed that there was sufficient evidence in the case to support the verdict of the jury. The jury, in effect, held that there was no marriage between Hannah Ann Conner and Milton McGrew, upon proof of which marriage depended the McGrew claimants' rights. Supporting the finding of no marriage is the testimony of Myrtle A. Lowers that her mother had stated Hannah Ann Conner had never married Milton McGrew; that such information had come to her mother from her father, Hannah Ann Conner's brother. May Conner Beaton testified that her mother had discussed with her husband, Hannah Ann Conner's brother, the illegitimacy of Nettie Barton and the fact that Hannah Ann Conner and Milton McGrew had not married; that her mother had been told of the said illegitimacy by Aunt Caroline, a sister of Hannah Ann Conner; that the common reputation in the family was that Hannah Ann Conner had never been married. Ida Penman testified that she played with Nettie Barton in Mohawk Valley, California, at a time when Milton McGrew was proved by other witnesses to be alive and Hannah Ann Conner was shown by other witnesses to be going under the name of the "Widow McGrew". The McGrew claimants claim that the verdict of the jury disregards the documentary evidence introduced by them, such as the Bible entries, the marriage license taken out by Milton H. McGrew and Nan Conner, but never returned, the marriage license and return of Ebon Clark Barton and Nettie Estelle McGrew, the census record of 1860, and other evidence. Suffice it to say, that the

jury had this evidence before it; that while it raised a very substantial conflict, nevertheless (as the law requires), disregarding this conflicting evidence and considering only the evidence and presumptions favorable to the Conner claimants, it cannot be said that there was no basis for the jury's verdict.

The McGrew claimants contend that if the evidence does not prove a statutory marriage, it does prove a common-law marriage. Here again the evidence was conflicting and the jury's verdict should not be disturbed. Evidence of cohabitation and reputation alone do not prove a common-law marriage. (*Estate of Baldwin,* 162 Cal. 471 [123 Pac. 267]; 38 Cor. Jur. 1325.) The McGrew claimants take the position that the declarations of the nonmarriage of Nan Conner made by her brother and her sister, and testified to by Myrtle A. Lowers and May Conner Beaton, were not admissible under the authority of *Estate of James,* 124 Cal. 653 [57 Pac. 578, 1008]. The distinction between that case and the case at bar is that the testimony here was given by and of members of the family of Nan Conner, who would be such members regardless of whether or not Nan Conner was married, whereas in the James case persons by whom the declarations were made would not be members of the family if there was no marriage. Again, in the James case, the parties making the declarations were neither deceased nor out of the jurisdiction of the court, whereas here they were no longer living. The declarations being made by members of the family of Nan Conner who are now deceased and made prior to the arising of the controversy are competent evidence. (Code Civ. Proc., sec. 1852; Code Civ. Proc., sec. 1870, subds. 4, 11; 10 Cal. Jur. 1051; *Estate of Walden,* 166 Cal. 446, 448 [137 Pac. 35]; *Estate of Hartman,* 157 Cal. 206 [107 Pac. 105, 21 Ann. Cas. 1302, 36 L. R. A. (N. S.) 530].) There being a conflict in the evidence concerning the marriage of Hannah Ann Conner and Milton McGrew and there being substantial evidence to support the jury's finding, the verdict should not have been set aside, and the motion to vacate the order granting judgment notwithstanding the verdict should have been granted. This being the case, it is not necessary to de-

termine the questions raised on the appeal by the McGrew claimants from the order granting a new trial.

The judgment notwithstanding the verdict is vacated and the case remitted to the lower court to enter judgment in accordance with the jury's verdict.

Tyler, P. J., and Cashin, J., concurred.

A petition by respondents to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on October 22, 1936.