[S. F. No. 228.    Department One.—April 3, 1896.]

MARGARET LYNCH ET AL., RESPONDENTS, v. MARY ROONEY ET AL., APPELLANTS.

TRUSTS—MISTAKE IN DISTRIBUTION OF ESTATE—EXPRESS TRUST—LETTER TO OTHER HEIRS—ERROR AS TO LEGAL INTEREST—ENFORCEMENT OF TRUST.—Where, through a mistake of fact, in ignorance of the existence of other heirs, the real property of a deceased person was wholly distributed to the grantee of a sister of the decedent, who was adjudged to be sole heir, and such grantee, upon subsequently discovering that a brother of the deceased was living in Ireland when the distribution was made, addressed a letter to his widow, expressing an intention to concede to the heirs of such brother, then deceased, one-half of the estate,

supposing that to be his proper share thereof, whereas, in truth, his inter-
est would have been limited to one-third of the estate, such letter declares
an express trust in favor of his heirs, but the expressed interest of one-
half of the estate is to be controlled by the evident intention to concede
to such heirs the same legal interest which would have been given to
the brother of the decedent in the first instance, had distribution been
properly made; and such trust is properly enforced to the extent of
one-third interest in the real property distributed to the person declar-
ing the trust.

ID.—INVOLUNTARY TRUST—CONCLUSIVENESS OF DECREE OF DISTRIBUTION
—HEIRSHIP—COLLATERAL ATTACK.—The children of another deceased
sister of the decedent, in whose favor no express trust was declared by
the distributee of the estate, cannot enforce an involuntary trust
against the distributee, the decree of distribution being conclusive as
to the heirship of the estate as against any collateral attack.

APPEAL from a judgment of the Superior Court of
Humboldt County and from an order denying a new
trial.  G. W. HUNTER, Judge.

The facts are stated in the opinion of the court.

*McKune & George*, and *Chamberlin & Wheeler,* for Ap-
pellants.

The order distributing the estate to Catherine Clark
cannot be collaterally attacked, nor can its force and
effect be in this case materially modified.  (Code Civ.
Proc., sec. 1908; *Irwin* v. *Scriber*, 18 Cal. 499; *Howell* v.
*Budd*, 91 Cal. 342, 348; *Caujolle* v. *Ferrie*, 13 Wall. 474;
*Garwood* v. *Garwood*, 29 Cal. 514; *Crim* v. *Kessing*, 89
Cal. 478; 23 Am. St. Rep. 491; *Kingsley* v. *Miller*, 45 Cal.
95; *Brummagin* v. *Ambrose*, 48 Cal. 366; *Broderick Will
case,* 21 Wall. 503; *Gaines* v. *Fuentes*, 92 U. S. 25; *State*
v. *McGlynn*, 20 Cal. 233; 81 Am. Dec. 118; *Goldtree* v.
*McAlister*, 86 Cal. 102; *McDaniel* v. *Pattison*, 98 Cal. 101;
*Langdon* v. *Blackburn*, 109 Cal. 19; *Fealey* v. *Fealey*, 104
Cal. 354; 43 Am. St. Rep. 111.)  All parties were, in
contemplation of law, present in court (due notice of the
hearing having been given), and having had their day
in court, they cannot now be heard to deny the efficacy
of the order.  (*United States* v. *Flint*, 4 Saw. 51; *Royce* v.
*Hampton*, 16 Nev. 30; Freeman on Judgments, sec. 486;
*Mayor etc.* v. *Brady*, 115 N. Y. 599; *Zellerbach* v. *Allenberg*,
67 Cal. 296; 3 Story's Equity Jurisprudence, 1575; *Bos-*

ton v. *Haynes*, 33 Cal. 31; *Amador etc. Co.* v. *Mitchell*, 59 Cal. 174; *Ross* v. *Woods*, 70 N. Y. 8; *Pico* v. *Cohen*, 91 Cal. 129; 25 Am. St. Rep. 159; Code Civ. Proc., secs. 1365, 1371, 1373–75, 1378, 1379, 1666, 1908; *Goldtree* v. *McAlister, supra; Finnerty* v. *Pennie*, 100 Cal. 407.) The letter from Mary Rooney did not create an express trust, as it does not show a clear, positive, and unequivocal intent to declare a trust. (1 Perry on Trusts, secs. 82, 83; *Steere* v. *Steere*, 5 Johns. Ch. 1; 9 Am. Dec. 256; *Appeal of Wolff*, 123 Pa. St. 438; *Cowan* v. *Wheeler*, 25 Me. 267; 43 Am. Dec. 283; *Blodgett* v. *Hildreth*, 103 Mass. 484; *Hasshagen* v. *Hasshagen*, 80 Cal. 514; *Renz* v. *Stoll*, 94 Mich. 377; 34 Am. St. Rep. 358; *Parkman* v. *Suffolk Bank*, 151 Mass. 218; *Whiting* v. *Gould*, 2 Wis. 404.) To have that effect the letter must, upon its face, demonstrate the exact nature of the trust, the particular persons who are to take as *cestuis que trust*, the proportions in which they are to take, the nature, object, and purpose of the trust. (1 Perry on Trusts, sec. 83, and cases cited; *Berry* v. *Woodburn*, 107 Cal. 504.) As the decree distributing the whole estate to Catherine was not made by her mistake, nor was the result of some overt act or neglect of some duty on her part, she was not an involuntary trustee. (Civ. Code, sec. 2224; 2 Pomeroy's Equity Jurisprudence, secs. 901, 902; *Wood* v. *Carpenter*, 101 U. S. 135.)

*T. Z. Blakeman*, for Respondents.

As the decree distributing the property to Mary Rooney was made upon mistaken evidence furnished the court by the distributee, she was an involuntary trustee. (Civ. Code, sec. 2224.) Mrs. Rooney's declarations in writing, based upon her consciousness of what was right, and her desire and intention to correct a mistake, are binding upon her and created an express trust. (1 Perry on Trusts, secs. 82, 83; *Hutchins* v. *Van Vechten*, 140 N. Y. 117; *Kingsbury* v. *Burnside*, 58 Ill. 310; 11 Am. Rep. 67; *McChandless* v. *Warner*, 26 W. Va. 758; *Baker* v. *Baker*, 31 Pac. Rep. 355.)

*J. H. G. Weaver,* for Intervenors.

Under section 2224 of the Civil Code, Mary Rooney holds one-third of the property in question in trust for the intervenors, as the mistake in distributing it to Mary Rooney was made by her through ignorance of the fact that these intervenors were entitled to share in the estate of their uncle. (*Lakin* v. *Sierra Buttes etc. Min. Co.* (Cal.), 8 West Coast Rep. 55; *Wilson* v. *Castro,* 31 Cal. 420; *Salmon* v. *Symonds,* 30 Cal. 301; *Bludworth* v. *Lake,* 33 Cal. 256; *Hardy* v. *Harbin,* 4 Saw. 549; *Greiner* v. *Greiner,* 58 Cal. 115; *Wingerter* v. *Wingerter,* 71 Cal. 105; *Hayden* v. *Hayden,* 46 Cal. 341; *Griffith* v. *Godey,* 113 U. S. 89; *Shain* v. *Sresovich,* 104 Cal. 402; *Benson* v. *Anderson,* 10 Utah, 135; *Hecht* v. *Slaney,* 72 Cal. 366.)

GAROUTTE, J.—This is an action to establish a trust in certain land. A decree to that effect was rendered by the trial court, and an appeal has been taken to this court from that decree, and from the order denying the motion for a new trial. The facts may be briefly stated as follows:

One Bryan Lynch, residing in Humboldt county, was the owner of certain land situated therein. He died intestate, leaving no wife or children, but leaving a sister, Catherine Clark, living in this state. At her request, the court appointed the son of Mary Rooney, her daughter, administrator of the estate. During the administration Catherine Clark conveyed the realty to Mary Rooney in consideration of love and affection, and upon final distribution, the court having found as a fact that Catherine Clark was the only heir, the property was distributed to Mary Rooney by virtue of the aforesaid deed. It may be conceded that the distributee, Mary Rooney, occupies no more advantageous position as to this litigation than would her grantor, her mother. Some time after the decree of distribution was had, and the estate settled, this action was brought by the children of one Patrick Lynch, a brother of Bryan Lynch,

who was living in Ireland at the date of the distribution of the estate, but since deceased.    The children of Nancy Plunkett, a deceased sister, who were living in Brooklyn, New York, at the date of distribution, intervened and asked that one-third of the land be adjudged to be theirs, and that Mary Rooney be declared a trustee to that extent.    The relief prayed for by the complaint, and also by the complaint in intervention, was granted, and Mary Rooney was adjudged to hold an undivided one-third of this land, each respectively, as the trustee of the heirs of Patrick Lynch and Nancy Plunkett.

Two grounds are put forth on the part of respondents to support the soundness of this decree of the trial court: 1. It is claimed that an express trust was declared and created in writing by Mary Rooney; and 2. That Mary Rooney was an involuntary trustee to the extent of an undivided two-thirds of the land, by reason of a mistake of fact and law committed by her, the administrator of the estate, and the sister of Bryan Lynch, Catherine Clark, whereby the court was misled into finding as a fact, upon the hearing for distribution, that said Catherine Clark was the only heir of Bryan Lynch, deceased, and entitled to the whole of the estate.

It is not contended by the intervenors that any express trust stands in their favor, and, if there is any express trust existing in favor of plaintiffs, it was declared and created by a certain letter written by Mary Rooney to Margaret Lynch of Ireland, widow of Patrick Lynch, deceased, after the distribution of the estate; and, if there is any express trust created or declared by this letter, it must be found in the following statements taken therefrom:

"My DEAR AUNT: I deeply regret that I did not write long before Uncle Patrick's death, because it would have been such a consolation to him and mother to hear directly from each other.    Their deaths were not far apart.    Mother died September 26, 1884.    I have heard from you occasionally through our letters from Dublin. My chief object in writing now is to explain about

Uncle Bryan's property, though I hope our correspondence will continue after that point is settled. Uncle Bryan died in the autumn of 1879, leaving no will. At that time, through some mistake, we thought that Uncle Patrick was dead. At mother's desire my son was appointed administrator, and the court soon gave the property over to her, she being the nearest relative that presented a claim. Mother had been living with me some time, and shortly after she got the property she deeded it to me, not deeming it worth while to divide so little among all the heirs. Some time after Uncle Bryan's property was deeded to me I heard that Uncle Patrick was still living, and I resolved that he should have half of the estate, though the laws does not compel the division. Still I feel that in justice it belongs to both of them. If the property was bringing an income I would not have delayed writing so long, but it does not. Hence, I do not feel that I have defrauded you of anything. . . . . I have not sold my part because I hoped my sons would make use of it some day. . . . . I think I will likely rent my share in that way, in preference to having it idle and an expense. There are —— acres in the place, and I do not know if there is any difference in the land with the exception of the seventeen acres that are cleared. You can talk over the matter among yourselves, and see what you wish to do. Anything that is in my power to do for you in regard to the matter I am willing to do, and any further information you wish I will give you as honestly as I can. . . . . .

> "Your affectionate niece,
>
>            "MARY ROONEY."

This letter is a "written instrument" under section 852 of the Civil Code. The question then presents itself, Was a trust created and declared by this writing? For, if a trust does exist, it was not only declared but created by this letter, as nothing went before it in any way creating any express trust. It is provided by section 2221 of the Civil Code: "Subject to the provisions of section 852 a voluntary trust is created as to the

trustor and beneficiary by any words or acts of the trustor indicating with reasonable certainty: 1. An intention on the part of the trustor to create a trust; and 2. The subject, purpose, and beneficiary of the trust."

Upon a careful consideration of this letter, we are satisfied that an intention upon the part of Mary Rooney to create and declare a trust appears therefrom with reasonable certainty. The subject of the trust is disclosed by the letter to be the land. The purpose is to acknowledge an undivided interest therein in fee in the beneficiaries, and the beneficiaries are the heirs of Patrick Lynch, deceased. The only matter left in any uncertainty is as to the interest the heirs take under the trust.

There is no question but that Mary Rooney is an honest woman. This is evidenced by every line of her letter, for from that letter it is apparent that she desired and intended to do what was fair and just toward her absent relatives. Those intentions are disclosed by the entire history of this litigation, and we think the differences arising between these parties could well have been amicably settled, without invoking the aid of courts, by the exercise of a little diplomacy upon the part of the attorneys retained by the respective parties. As will be seen hereafter, mistakes of fact and law occurring at the time of the distribution of this estate were the first and primary cause of the present litigation; and, at the date of this letter, Mary Rooney still labored under the mistaken idea that Patrick Lynch and her mother were the sole heirs of Bryan Lynch at the time of his death, when, in fact, the intervenors in this case were also heirs, being children of a deceased sister. When Mary Rooney wrote this letter she recognized the fact that a moral obligation rested upon her to give the heirs of Patrick Lynch that portion of the estate which would have gone to him by the decree of distribution, if Mary had known that he was then in life; and it was to satisfy this moral obligation resting upon her, that, as an honest woman,

she desired Patrick's heirs to have his interest in the estate. She declared this trust for that reason, and with that end in view, but when she made the writing she thought Patrick's interest was one-half of the estate, when in truth and in fact it was but one-third. Hence, the moral duty which she desired and intended to perform was performed, and the moral obligation which she desired and intended by the letter to pay was paid when these heirs were given a one-third interest in the property. Incidentally, by the letter she described the interest as a one-half interest; but, as we have seen, this was occasioned by a mistake of fact upon her part, and those words are controlled and overthrown by her actual intention, which is clearly manifest from every other line of the letter. That intention was to give Patrick's heirs what the law should have given Patrick in the first instance, to wit, an undivided one-third interest in the realty. We therefore hold that the letter declares and creates a trust in the land in favor of the plaintiffs to that extent.

The intervenors were not in the mind of Mary Rooney when she wrote the letter to her aunt in Ireland, and hence they get no relief from its terms. As to them it is claimed that Mary Rooney is an involuntary trustee, holding an undivided one-third of the land for their benefit. And their contention is based upon the provisions of section 2224 of the Civil Code, which provide: "One who gains a thing by fraud, accident, mistake, undue influence, the violation of a trust, or other wrongful act is, unless he has some other and better right thereto, an involuntary trustee of the thing gained for the benefit of the person who would otherwise have had it." It is substantially claimed that upon Mary Rooney's evidence, given upon the hearing of the application for the decree of distribution, the court found as a fact that her mother was entitled to the whole estate as the only heir; that Mary Rooney was mistaken as to the fact of her mother being the only heir, inasmuch as

there were other heirs, and that, by reason of her mistake of fact in so testifying, the court rendered a wrong judgment; and that Mary Rooney thereby gained the entire estate by a mistake of fact, and should be declared to be an involuntary trustee of two-thirds thereof, as provided by the terms of the section just quoted.

It is insisted that the intervenors in asking this relief are not attacking the decree of distribution, but are seeking relief thereunder. Many cases are cited to support this contention, but they fall short of the mark, and present no question similar to the one here involved. The court in hearing the petition for the distribution of the estate of Bryan Lynch, deceased, upon legal and proper notice to the entire world, took evidence as to who were the heirs of his estate, entitled to take the same, and thereupon made a finding of fact that Catherine Clark was a sister and the only heir, and, as a conclusion of law, held that said Catherine Clark was entitled to the entire estate. That decree has never been modified, nor even assailed, and, as far as any collateral attack is concerned, it must stand forever as binding and conclusive upon the question of heirship. Whatever counsel may say as recognizing the validity of the decree, and claiming under it, is not strictly true, for that decree declares as a fact that Catherine Clark is the only heir of Bryan Lynch; and to give the intervenors the relief here sought, that finding must be first set aside as untrue, and that cannot be done in this action. If such a thing could be done the stability of judgments and decrees would be a thing of the past. Decrees of distribution would be as unstable as the sands, for omitted heirs from such decrees would be seeking to have involuntary trusts declared thereon at most inopportune times, and in direct opposition to the law as declared by section 1908 of the Code of Civil Procedure pertaining to the conclusiveness and finality of judgments and decrees.

For the foregoing reasons the judgment and order

denying a new trial as to the plaintiffs are affirmed, and the judgment and order denying a new trial as to the intervenors are reversed, and as to them the cause is remanded.

HARRISON, J., and VAN FLEET, J., concurred.