[S. F. No. 7714.   In Bank.—September 30, 1918.]

UNION LITHOGRAPH COMPANY, Appellant, v. W. R. BACON et al., Respondents.

JUDGMENT—PAYMENT—APPEAL.—Where a judgment creditor of an insolvent corporation, in an action·by such creditor on behalf of all the creditors of the corporation against certain stockholders to create a fund by collecting stock subscriptions to pay the debts of the corporation, accepted from certain defendants the amounts of the judgment obtained against them, such creditor cannot thereafter appeal from the judgment, and such defendants are entitled to have the judgment satisfied.

ID.—SATISFACTION.—When the prevailing party with a judgment in his favor has accepted the fruits of such judgment, satisfaction thereof, either voluntary or under the compulsion authorized by section 675 of the Code of Civil Procedure, is the last act and the end of the proceeding.

APPEALS from a judgment and from certain orders of the Superior Court of the City and County of San Francisco. James M. Troutt, Judge.　Affirmed.

The facts are stated in the opinion of the court.

Arthur Crane, for Appellant.

Walter R. Bacon, for Respondents.

MELVIN, J.—These appeals are from a judgment of September 13, 1915, and from certain orders which will be more fully described in the course of this opinion.

The action was commenced in 1914 by the "Union Lithograph Company on Behalf of all Creditors of the Salinas Portland Cement Company *v.* W. R. Bacon" and other named defendants. The stated purpose of the action was "to create a fund by collecting stock subscriptions, to pay debts of Salinas Portland Cement Company." The complaint set forth the insolvency and forfeiture of its charter by the cement company; the indebtedness of that corporation (evidenced by a judgment recovered subsequent to said forfeiture) to the Union Lithograph Company in the sum of $1,273.10; the fact that the cement company owed obligations to other creditors not specified, amounting, with the named judgment, to ten thousand dollars; the status of the several individual defendants as stockholders in certain specified amounts of stock holdings; and the fact that the subscription price of their stock was unpaid. The prayer was for a judgment requiring the stockholders to pay a receiver, to be appointed by the court, the sum of ten thousand dollars, to be distributed by him proportionately to the creditors of the cement company, together with the payment of one thousand dollars as attorney's fee, and costs of suit.

Defaults of the individual defendants were entered and plaintiff, Union Lithograph Company, had judgment for $1,375 in its own favor and in favor of certain other specified creditors of the cement company in sums which, with the

amount above set forth, amounted to ten thousand dollars. The judgment was also for costs ($13.75) and for attorney's fee ($250). Respondents herein promptly moved to vacate and set aside this judgment upon numerous grounds, and after a hearing following due notice the motion was granted on September 13, 1915, and on the same day judgment was entered for $1,375 to be apportioned among the defendants sued as stockholders in accordance with their holdings of the capital stock of the defunct corporation. An attorney's fee of $250 was included in the judgment, and the court found the amount due from each of the defendants as stockholders to make up the sum necessary to pay the judgment and attorney's fee. The judgments against these respondents, Bacon, Center, and Cox, were respectively $10.56, $375.40, and $26.40. No provision was made for costs except those which might become due if execution should issue. Appeals have been taken from the order and from the judgment of September 13, 1915, in so far as the latter sets aside the former judgment. The judgment of September 13, 1915, was entered, and immediately thereafter each of the respondents Cox, Bacon, and Center paid to the county clerk the amount found to be due thereunder from him. On the day following such payment plaintiff received these amounts from the county clerk, but did not satisfy the judgment as to these respondents. After demanding and being refused such satisfaction upon proper notice these respondents, on October 1, 1915, acting under the provisions of section 675 of the Code of Civil Procedure, moved the court for an order or judgment entering satisfaction as to them of the judgment of September 13, 1915. After a hearing the court made such an order and from it plaintiff has appealed.

Thereafter, on December 10, 1915, plaintiff moved for an order requiring these respondents to pay into court an additional sum "in the above-entitled action." There can be no doubt that by this motion plaintiff was seeking the additional sums in satisfaction not of the first judgment but of that of September 13, 1915, because in the notice of motion are recited the amounts unpaid by respondents other than those now appearing identically as those amounts are fixed by the judgment of September 13, 1915.

After a hearing the plaintiff's motion of December 10, 1915, was denied. An appeal has been taken from this order.

Respondents are of the opinion that all of the appeals should be dismissed as to them. They say that all debatable questions between plaintiff and these respondents would have been settled by the judgment of September 13, 1915, if no appeal had been taken by either party; that before any appeal was taken they had satisfied the judgment so far as it was binding upon them; that plaintiff had acquiesced in the judgment by accepting their payments; and that the appeal from the judgment, taken long after December 10, 1915, was, therefore, of no effect. If, as they assert, plaintiff had no right of appeal after having accepted the amounts of the judgment, we are of the opinion that their position is correct.

Appellant cites such cases as *Bryan* v. *Berry,* 8 Cal. 130, and *Copple* v. *Aigeltinger,* 167 Cal. 706, [140 Pac. 1073], to support its position that it may collect the amounts found due without satisfying the judgment. The opinion in the former case merely holds that a judgment entered in place of another judgment is appealable, and in the latter it is decided that an order vacating a judgment for defendants and drawing a new judgment for the plaintiff is appealable. But appellant quotes from the opinion in *Warner Brothers Co.* v. *Freud,* 131 Cal. 639, [82 Am. St. Rep. 400, 63 Pac. 1017], a sentence which at first blush would seem to justify its contention. The court there used the following language (from *Hayes* v. *Nourse,* 107 N. Y. 577–579, [1 Am. St. Rep. 891, 14 N. E. 508]) : " 'It must be deemed too well settled by authority to require further discussion that a party against whom a judgment has been rendered is not prevented from appealing to this court by the fact that he has paid the judgment, unless such payment was by way of compromise, or with an agreement not to take or pursue an appeal.' " But that was a case in which the party against whom a judgment was given paid the amount thereof and afterward took an appeal from the judgment. In the opinion in that case the court quotes with approval section 480a of Freeman on Judgments as follows: " 'One against whom a judgment is entered, if he fails to satisfy it, must expect to see his property seized and sold at a sacrifice, and it is difficult to conceive how his payment of the judgment can give rise to

any estoppel against his seeking to avoid it for error. The better view, we think, is, that though the execution has not issued, the payment of a judgment must be regarded as compulsory, and therefore as not releasing errors, nor depriving the payor the right to appeal.'" But in the same, opinion *Kenney* v. *Parks,* 120 Cal. 22–24, [52 Pac. 40], is cited to the effect that "a party in whose favor a judgment has been rendered cannot enforce the judgment, and while enjoying its benefits appeal therefrom and seek its reversal."

In *County of San Bernardino* v. *County of Riverside,* 135 Cal. 618, [67 Pac. 1047], the superior court had ordered a default opened on payment by defendant of a certain sum to plaintiff. Payment was made and accepted and thereafter plaintiff appealed from the order. In dismissing the appeal the court said, in part: "The rule and the principle upon which the rule rests are the same whether such judgment be the final determination of the cause or an intermediate order made in the course of the procedure. A party cannot accept the benefit or advantage given him by an order and then seek to have it reviewed. After receiving the money which the court has directed to be paid to him, he will not be heard to say that the court erred in making such order."

In *Estate of Shaver,* 131 Cal. 219, [63 Pac. 340], the court said: "The right to accept the fruits of a judgment and the right of appeal therefrom are not concurrent. On the contrary, they are totally inconsistent. An election to take one of these courses is, therefore, a renunciation of the other."

Indeed, there is abundant authority to the effect that when the prevailing party with a judgment in its favor has accepted the fruits of such judgment, satisfaction thereof, either voluntary or under the compulsion authorized by section 675 of the Code of Civil Procedure, is "the last act and end of the proceeding." (*Estate of Baby,* 87 Cal. 200, [22 Am. St. Rep. 239, 25 Pac. 405].)

The same principle is declared in *Storke* v. *Storke,* 132 Cal. 349, [64 Pac. 578].

Counsel for appellant elaborately argue their theory that their original action was one for the creation of a fund to which they might on behalf of the creditors compel the stockholders to contribute in the proportions of the holdings of each to the entire indebtedness of the corporation; and that plaintiff might satisfy its particular claim if necessary from

the contribution of a single solvent stockholder. They assert that the court entirely misconceived the law in deciding that there was only a several liability of each stockholder for his proportion of appellant's claim. These matters might well have been urged upon the appeals from the order and judgment of September 13, 1915; but in the court's errors, if any there were, appellant acquiesced by accepting the payments made in accordance with that judgment.

The order compelling satisfaction of the judgment as to these respondents was properly in accord with the law on the subject and was within the jurisdiction and power of the court making it; and the later order of December 10, 1915, followed as matter of course, because the court could not compel further payments on a judgment by those parties to the litigation as to whom the case had terminated by satisfaction of the said judgment.

The appeals from the order and judgment of September 13, 1915, are as to these respondents dismissed and the other orders are affirmed.

Lorigan, J., Sloss, J., Shaw, J., Wilbur, J., Richards, J., pro tem., and Angellotti, C. J., concurred.