[Sac. No. 3157. In Bank.—March 1, 1922.]

## E. LaFLEUR, Appellant, v. M. A. BURNS LUMBER COMPANY (a Corporation), Respondent.

[1] Sureties—Appeal Bond—Parties.—The position of a surety on an undertaking on appeal is similar to that of an ordinary surety on an obligation who has been regularly joined as a party defendant.

[2] Id.—Payment of Judgment by Surety—Assignment—Rights of Surety—Satisfaction.—Although no judgment has been entered against a surety on an appeal bond, there is no reason why it may not anticipate such entry, pay the amount of the judgment, and take an assignment of it, instead of claiming the benefit of it under section 709 of the Code of Civil Procedure; and where this is done it is error for the trial court to hold that the judgment has thereby been satisfied.

[3] Trusts — Validity of Declaration — Purpose.—A declaration of trust to the effect that a certain judgment assigned to the trustee is held by the latter in trust for a named party, or his assigns, sufficiently discloses the purpose of the trust, and is valid.

[4] Appeal — Parties — Assignee of Judgment. — A proceeding by motion, under section 675 of the Code of Civil Procedure, to obtain entry of satisfaction of a judgment assigned to the surety on the appeal bond which paid the judgment and took an assignment of it, cannot be considered a special proceeding under section 23 of the Code of Civil Procedure, or as an independent action, but is a part of the original action; and the surety is entitled to maintain an appeal from an order of the trial court directing entry of satisfaction of the judgment.

APPEAL from an order of the Superior Court of Shasta County directing entry of satisfaction of judgment. J. E. Barber, Judge. Reversed.

The facts are stated in the opinion of the court.

Jesse W. Carter and John Ralph Wilson for Appellant.

F. A. Cutler for Respondent.

LAWLOR, J.—This is an appeal by the plaintiff from an order of the court granting a motion by the defendant to direct the clerk to enter satisfaction of a judgment rendered in favor of the plaintiff and against the defendant.

188 Cal.—21

On January 23, 1915, plaintiff, E. LaFleur, brought an action against the defendant, the M. A. Burns Lumber Company, a corporation, to recover damages for personal injuries received by him while in defendant's employ, the injuries being caused by the negligent operation of defective machinery in defendant's mill. The case was tried by the court sitting without a jury. On July 3, 1915, judgment was rendered in favor of plaintiff for the sum of three thousand dollars, from which judgment defendant appealed. On September 26, 1918, the judgment was affirmed by the district court of appeal for the third appellate district (38 Cal. App. 279 [176 Pac. 58]), and this judgment has become final.

When the appeal from the judgment was taken, the Massachusetts Bonding and Insurance Company became surety for respondent, and gave an appeal bond, in accordance with section 942 of the Code of Civil Procedure. On February 6, 1918, while the case was pending in the appellate court, appellant executed the following assignment of the judgment to his attorney, Jesse W. Carter, for a consideration of one thousand dollars:

"Know all men by these presents: That I, E. La Fleur, of the town of Aberdeen, State of Washington, the party of the first part herein, in consideration of the sum of one thousand dollars ($1,000), gold coin of the United States of America, to me in hand paid by Jesse W. Carter, of the city of Redding, County of Shasta, State of California, the party of the second part herein, the receipt whereof is hereby acknowledged, do hereby sell, assign, transfer and set over unto the said party of the second part, and his assigns, all my right, title and interest in and to that certain judgment recovered by me as plaintiff in the above entitled action on the 3rd day of July, A. D. 1915, in the Superior Court of the State of California, in and for the county of Shasta, against M. A. Burns Lumber Company, a corporation, as defendant, together with all sums of money that may be had or obtained by means of said judgment, or any proceedings to be had thereon. . . . "

On December 31, 1918, the amount of the judgment, about three thousand nine hundred dollars, was paid to Carter, and he executed in favor of E. T. Hall, one of the

attorneys for the bonding company, the following declaration of trust:

"Know all men by these presents: That that certain judgment assigned and set over to me by E. LaFleur on the 6th day of February, 1918, which said judgment was rendered in a certain action entitled, In the Superior Court of the State of California in and for the County of Shasta, E. LaFleur, plaintiff, v. Burns Lumber Company, defendant, numbered therein No. 4850, is held by me in trust for E. T. Hall, or his assigns."

The evidence does not show the manner of payment of the three thousand nine hundred dollars, but it is not disputed that the money was furnished by the bonding company.

On October 9, 1919, notice of its intention to move the court to order entry of satisfaction of the judgment in accordance with the terms of section 675 of the Code of Civil Procedure was served by respondent on Carter, on John R. Wilson, another attorney for the bonding company, on Hall, and on the bonding company. On October 28, 1919, the motion was made, under the provisions of said section 675, which reads in part: "Whenever a judgment is satisfied in fact, otherwise than upon an execution, the party or attorney must give such acknowledgment [of satisfaction] or make such indorsement, and, upon motion, the court may compel it, or may order the entry of satisfaction to be made without it." Both appellant and the bonding company appeared by their attorneys at the hearing of the motion, and evidence concerning the satisfaction of the judgment was received. The motion was granted, and the entry of satisfaction ordered. From that order this appeal is taken.

Appellant's position is thus stated: "It is the appellant's contention that, inasmuch as the satisfaction of the judgment, as far as it was satisfied, was made by the payment to the assignee of the plaintiff by the surety of the sum required by the plaintiff and his assignee in consideration of the settlement of their claims against the defendant, the surety has the right to keep the judgment unsatisfied of record in order that it may proceed by subrogation against the defendant judgment debtor. In other words, inasmuch as the surety has paid the judgment, as far

as the plaintiff and his assignee are concerned, it now stands in the shoes of the plaintiff and has the right to proceed under and by virtue of the judgment to collect from the defendant the amount which the surety paid in the settlement of plaintiff's claims under the judgment." It is asserted in this behalf that the appeal is for the benefit of the bonding company, which is entitled to maintain it in the name of appellant under the provisions of section 385 of the Code of Civil Procedure, which declares: " . . . In case of the death or any disability of a party, the court on motion may allow the action or proceeding to be continued by or against his representative or successor in interest. In case of any other transfer of interest the action or proceeding may be continued in the name of the original party, or the court may allow the person to whom the transfer is made to be substituted in the action or proceeding."

Respondent has interposed a motion to dismiss the appeal on the grounds that "1. The appellant is not an aggrieved party within the provisions of section 938 C. C. P. 2. The right of subrogation is not involved in this appeal." Respondent further contends that "there is no evidence of any assignment of the attempted trust to the insurance company by Hall," and it is insisted that this is a special proceeding independent of the main case, which involves a procedure and a hearing wherein all parties interested are served with process and brought before the court where the question at issue is tried and a judgment or order rendered on the merits of the case; and that inasmuch as it is a special proceeding the transfer of the judgment to the bonding company was made before the action was begun, although while the original action was pending, and that therefore the bonding company would have no right to continue the action in the name of appellant.

In *Meredith* v. *Santa Clara Min. Assn. of Baltimore,* 60 Cal. 617, the court, considering the nature of the liability of a surety on an appeal bond, declared: "When the sureties to the undertaking on appeal agreed that, in case of the affirmance of the judgment, or any part of it, by the appellate court, and of its nonpayment by the judgment debtor, judgment might be entered also against them, in

the court from whose judgment the appeal was taken, according to the law under which the appeal was taken, they, in legal effect, voluntarily made themselves parties to the action, and submitted themselves to the jurisdiction of the court." [1] The position of a surety on an undertaking on appeal is therefore similar to that of an ordinary surety on an obligation, who has been regularly joined as a party defendant.

In *Williams* v. *Riehl*, 127 Cal. 365 [78 Am. St. Rep. 60, 59 Pac. 762], the defendants against whom judgment was rendered were a guardian and the seven sureties on his bond. Three of the sureties paid the judgment, took an assignment of it from the plaintiff, and caused execution to be levied under it on the goods of the cosureties. One of the cosureties objected that in availing themselves of the judgment the sureties had not conformed to the provisions of section 709 of the Code of Civil Procedure, which provides that " . . . when a judgment is against several, and is upon an obligation of one of them, as security for another, and the surety pays the amount, or any part thereof, either by sale of his property or before sale, he may compel repayment from the principal. In such case the person so paying or contributing is entitled to the benefit of the judgment, to enforce contribution or repayment, if, within ten days after his payment, he file with the clerk of the court where the judgment was rendered, notice of his payment and claim to contribution or repayment." The court said: "Respondents do not claim to have complied with said section as to filing with the clerk of the court the notice as therein provided, or as to having an entry made in the margin of the docket, but they claim that, independent of said section, by virtue of the written assignment to them of the judgment, they have the right to an execution to enforce contribution from the appellant. We think the contention of respondents as to this point correct. . . . The section was, no doubt, enacted for the benefit of sureties and joint judgment debtors in order to enable them, without bringing an action, to use the judgment and the writs of the court for the purpose of compelling, in the case of sureties, the repayment from their principal, or contribution from cosureties, and, in case of joint judgment debtors, contribution from their codebtors.

"The legislature evidently did not have in mind a case where the parties paying the judgment procured a written assignment of it. The plaintiff, being the owner of the judgment, had the right to assign it to anyone upon payment of the amount authorized by the order of the court in which the estate was pending. The fact that the parties paying it were some of the judgment debtors would not prevent them from taking an assignment of it." In *National Bank* v. *Los Angeles Iron & Steel Co.*, 2 Cal. App. 659 [84 Pac. 466] the appellate court reversed an order of the trial court for the enforcement of a judgment by a defendant who had paid the amount to the plaintiff, against his codefendants. The court said: "In this connection, it should be observed that, assuming the validity of an assignment of a judgment to one of the defendants (*Williams* v. *Riehl,* 127 Cal. 365 [78 Am. St. Rep. 60, 59 Pac. 762]; Freeman on Judgments, sec. 472), yet the right of the assignee to the judgment in such case is rather an equitable than a legal right, and extends no further than to the use of the judgment as a security for the payment of the amounts properly due from other parties. It, therefore, would seem to be a right that can be exercised only after an affirmative showing to the court and a determination of the indebtedness of the other defendants; by which we mean, not that a new suit is required, but that, at least, application should in all cases be made to the court."

Inasmuch as the position of a surety on an appeal bond is similar to that of any surety who is jointly liable with the principal, these cases are pertinent to a determination of the rights of the bonding company in the case at bar. [2] No judgment has been entered against that company, but there is no reason why it might not anticipate such entry, pay the amount of the judgment, and take an assignment of it, instead of claiming the benefit of it under section 709 of the Code of Civil Procedure.

We think it clear from the record that the implied finding of the trial court that the judgment was satisfied was erroneous. As pointed out, there was an absolute assignment of the judgment from LaFleur to Carter and a declaration of trust of the judgment by Carter in favor of Hall. That the payment from Hall to Carter was for the purpose of purchasing the judgment and not of satisfying it is

shown by the following testimony of Carter: "Q. Well, it [the money] was sufficient to satisfy you, was it, in payment of the judgment which had been assigned to you? A. Certainly; I agreed to transfer the judgment for that amount. . . . Why, yes, we were satisfied to take that amount and transfer the judgment; we didn't care what became of the judgment. . . . Q. Was the execution of that paper the consideration for the sum of money paid to you? A. It was," and his further testimony that "I would say that the transfer of the judgment, or my interest in the judgment, was the consideration." It also appears that in taking the transfer, Hall was acting as agent for the bonding company. Thus Carter testified: "Well, I don't know who purchased it [the judgment], the money was paid into the bank. Q. By whom? A. I don't know. I left instructions to the bank that when a certain amount of money was paid there, to forward those papers." It was also admitted by attorney Wilson that Hall was one of the local attorneys for the bonding company, and that the "money, so far as that is concerned, came from the Massachusetts Bonding and Insurance Company, directly or indirectly, as the case might be." Therefore, the bonding company, as the assignee of the judgment, is entitled to the benefit of it to collect the amount due, and hence the order that satisfaction be entered was erroneous.

[3] Respondent makes the further contention that the declaration of trust is invalid under section 2221 of the Civil Code because no purpose is expressed in it. This position cannot be maintained. In *Lynch* v. *Rooney*, 112 Cal. 279, 284 [44 Pac. 565], the following declaration was held to be a valid declaration of trust: "Some time after Uncle Bryan's property was deeded to me I heard that Uncle Patrick was still living, and I resolved that he should have half of the estate, though the laws does not compel the division. Still I feel that in justice it belongs to both of them." Of this the court said: "Upon a careful consideration of this letter we are satisfied that an intention upon the part of Mary Rooney to create and declare a trust appears therefrom with reasonable certainty. The subject of the trust is disclosed by the letter to be the land. The purpose is to acknowledge an undivided interest therein in fee in the beneficiaries, and the beneficiaries are the heirs

of Patrick Lynch, deceased. The only matter left in any uncertainty is as to the interest the heirs take under the trust.'' In the .case at bar an intention to create a trust is clearly shown in the declaration, and the purpose of the trust, as in *Lynch* v. *Rooney, supra,* is to acknowledge that the whole interest in fee is in Hall as beneficiary.

[4] With reference to respondent's last point, that the bonding company is not entitled to maintain this appeal in LaFleur's name, this proceeding cannot be considered a special proceeding under section 23 of the Code of Civil Procedure, or as an independent action. In *Union Lithograph Co.* v. *Bacon,* 179 Cal. 53 [175 Pac. 464], it was said: ''Indeed, there is abundant authority to the effect that when the prevailing party with a judgment in its favor has accepted the fruits of such judgment, satisfaction thereof, either voluntary or under the compulsion authorized by section 675 of the Code of Civil Procedure, is 'the last act and end of the proceeding.' (*Estate of Baby,* 87 Cal. 200 [22 Am. St. Rep. 239, 25 Pac. 405].)'' It follows from that case that this proceeding is but a part of the original action. Therefore, respondent's contention that the transfer of the judgment was made before this proceeding was commenced and that consequently the bonding company is not such an assignee as is contemplated by section 385 of the Code of Civil Procedure is without merit. The appeal was properly taken in LaFleur's name.

Order reversed.

Wilbur, J., Shurtleff, J., Waste, J., Richards, J., *pro tem.,* Sloane, J., and Shaw, C. J., concurred.