[Sac. No. 3675. In Bank.—August 17, 1926.]

PEDRO MANOS, Respondent, v. ALFONSO CODINA. Appellant.

[1] APPEAL—ORDER APPOINTING RECEIVER—SATISFACTION OF JUDGMENT —DISMISSAL.—An appeal from an order appointing a receiver in an action will be dismissed where it is shown by the certificate of the clerk of the court that the appellant has accepted and re-

1. See 2 Cal. Jur. 749; 2 R. C. L. 169.

ceived the full benefit resulting from the order appointing the receiver, has satisfied the judgment of the trial court awarding him such benefit and has allowed the judgment to become final.

(1) 4 **C. J.**, p. 580, n. 25.

MOTION to dismiss an appeal from an order of the Superior Court of Glenn County appointing a receiver. Claude F. Purkitt, Judge. Appeal dismissed.

The facts are stated in the opinion of the court.

C. I. Baker, Arthur Brand and Russell P. Tyler for Appellant.

Geo. R. Freeman for Respondent.

RICHARDS, J.—This appeal is from an order made by the superior court of the state of California, in and for the county of Glenn, appointing a receiver to take charge of the business of defendant and appellant upon the *ex parte* application of one W. A. Simms, who was not a party to the action, but who procured the *ex parte* order upon the filing of an affidavit setting forth a certain interest which he claimed in the personal property affected by said action. It appears from the record that the receiver when thus appointed qualified and took possession of the property in dispute and proceeded to administer and dispose of the same in accordance with the terms of the order appointing him such receiver. Thereafter the defendant and appellant duly filed his notice of appeal from the order appointing such receiver and also his notice in due time and form for the preparation of the transcript upon appeal, which transcript was duly prepared and filed. Appellant also in due time filed his opening brief herein, to which the respondent presented and filed no reply brief, whereupon, the time having expired for the filing of such respondent's brief, the appellant presented to this court a petition for an order submitting said appeal for decision. Thereupon the respondent appeared and presented an answer to appellant's petition to have said appeal submitted for decision, setting forth in substance that the above-entitled action had, since the taking of said appeal, been finally and fully settled by the

parties thereto after a trial of said cause upon the merits and the entry of a judgment therein. In connection with the respondent's answer and in support thereof, he presented the certificate of the clerk of the county of Glenn, in which said action had been pending, and wherein said clerk certified that said action had been brought to trial and tried on the twenty-ninth, thirtieth and thirty-first days of January, 1925; that judgment had been entered therein on February 27, 1925; that by said judgment it was determined that of the sum of $3,786.46 which had been received by the said receiver from the sale of the nursery stock in question, which had come into his hands as such receiver by virtue of the order herein appealed from, there should be paid to the plaintiff the sum of $897.15 and to the defendant the sum of $2,889.31; that no appeal was taken from said judgment by either of the parties thereto and that said judgment had become final; that on April 24, 1925, the clerk of said court had received from the receiver the entire sum of $3,786.46 and had paid the same to the respective parties in the proportions fixed by the judgment of the court, and that the judgment had been satisfied by the respective parties by satisfactions duly filed with said clerk. When the matter came on for hearing and consideration by this court it appeared that no response or denial of any kind had been made by the defendant and appellant to the showing thus made by the respondent, whereupon the whole matter was submitted to this court for decision.

[1] In the foregoing state of the record we must accept the certificate of the clerk of the trial court as correctly stating the status of the case in that court and, hence, that the matters presented upon this appeal have become moot. The appellant by accepting and receiving the full benefit resulting from the order appointing the receiver and having thereupon satisfied the judgment of the trial court awarding him such benefit, and having allowed such judgment to become final, must be held to have abandoned this appeal.

It is, therefore, ordered that the appeal be and the same is hereby dismissed.

Seawell, J., Finch, J. pro tem., Curtis. J., and Waste, C. J., concurred.