[Civ. No. 1549. Fourth Appellate District.—December 19, 1934.]

WADE E. HAMPTON, Respondent, v. J. B. ROSE, Appellant.

David Schwartz and Saul S. Klein for Appellant.

Mott, Vallee & Grant, A. L. Abrahams and Frank H. Love for Respondent.

MARKS, J.—This is a motion to dismiss an appeal from the judgment rendered herein on the ground that appellant has accepted the fruits, benefits and advantages of the judgment, since taking this appeal, and has consequently waived his right of appeal. The particulars in which it is claimed appellant accepted the benefits of the judgment are set forth in our opinion this day filed in a separate appeal in this case from an order appointing a receiver and bearing our number Civil 1548 (*ante*, p. 167 [39 Pac. (2d) 447]). These facts need not be repeated here. The notice of appeal from the judgment was dated October 16, 1933, and was served and filed October 24, 1933.

Respondent relies upon the following cases in support of his motion: *Moore* v. *Morrison*, 130 Cal. 80 [62 Pac. 268]; *Estate of Shaver*, 131 Cal. 219 [63 Pac. 340]; *Storke* v. *Storke*, 132 Cal. 349 [64 Pac. 578]; *County of San Bernardino* v. *County of Riverside*, 135 Cal. 618 [67 Pac. 1047]; *Union Lithograph Co.* v. *Bacon*, 179 Cal. 53 [175 Pac. 464]; *Manos* v. *Codina*, 199 Cal. 243 [248 Pac. 916]; *Haggin* v. *Montague*, 125 Ky. 507 [101 S. W. 893, 31 Ky. Law Rep. 123]; *Horton* v. *McNally Co.*, 155 App. Div. 322 [140 N. Y. Supp. 357]. An examination of these cases shows that while they all support the familiar rule that a party who accepts the benefits of a judgment cannot attack it on appeal,

they are so factually dissimilar to the instant case that they are of little benefit to us in solving the problems before us.

The judgment in this case provides that the partnership existing between Wade E. Hampton and J. B. Rose be dissolved; that the partnership assets be sold and that R. E. Allen be appointed *commissioner* to make the sale; that the proceeds of the sale be applied in a certain manner unnecessary to detail; that if the proceeds of sale be insufficient to pay respondent $7,232.43 after making other required payments, he have judgment against appellant for one-half of the deficiency; that Florence Rose has no interest in the partnership assets.

It should be observed that R. E. Allen was appointed by the judgment *commissioner* to sell the partnership assets. There is nothing in the record indicating that he ever qualified as such *commissioner* or that he acted as such.

Allen had been appointed as an *operating receiver* under the order of the court involved in the case of *Hampton* v. *Rose, supra.* Both he and the parties evidently assumed that Allen also possessed the powers of a liquidating receiver. The parties, and especially appellant, assisted him in selling and urged the trial court to confirm the sale of the partnership assets. In so far as we are advised the money derived from this sale still remains in the possession of the receiver except that portion used to defray some of the expenses of the receivership. These proceedings were all taken under the order appointing the receiver and not under the judgment. Under these circumstances we have reached the conclusion that the case should be considered on its merits.

The motion to dismiss the appeal from the judgment is denied.

Barnard, P. J., and Jennings, J., concurred.