WADE E. HAMPTON, Respondent, v. J. B. ROSE, Appellant.

David Schwartz and Saul S. Klein for Appellant.

Mott, Vallee & Grant, A. L. Abrahams and Frank H. Love for Respondent.

MARKS, J.—This is a motion to dismiss the appeal on the grounds, (1) that the questions on which the decision of the court depends are so unsubstantial as not to need further argument (sec. 3, rule V, Rules for the Supreme Court and District Courts of Appeal); and, that appellant has accepted and benefited by the fruits of the order.

The record discloses that a receiver was regularly appointed after a hearing on an order to show cause. The only documents in the record that were before the trial court at the hearing are the complaint and an affidavit of appellant. The complaint alleges that on June 20, 1932, plaintiff and defendant entered into a contract to conduct a business at 713 South Broadway in Los Angeles; that they would organize a corporation for such purposes; that plaintiff was the owner of a contract for a lease on the premises and that defendant was operating a business therein; that plaintiff would contribute the lease on the premises and defendant Rose the furniture, fixtures, equipment, improvements and $1300; that the business was to be conducted jointly; that plaintiff procured the lease in the joint names of himself and defendant Rose; that Rose took possession of the premises and business, excluded plaintiff therefrom and appropriated large profits to his own use; that plaintiff demanded an accounting and a transfer of the business to the corporation which had been organized to take it over; that Rose refused both demands; that Rose had withdrawn large sums of money and property from the business and appropriated them to his own use. Plaintiff, among other things, sought an accounting and the appointment of a receiver to operate the business pending the determination of the suit.

The affidavit filed by Rose contradicted many of the allegations of the complaint. This merely created a conflict in the evidence which was resolved in favor of plaintiff by the trial judge.

■ Section 2400 of the Civil Code provides that ''A partnership is an association of two or more persons to carry on as coowners a business for profit.'' It is clear from the allegations of the complaint that it was the intention of the parties to enter into an association to carry on a business for profit. It is true that the parties contemplated the formation of a corporation to operate the business. Such a corporation was formed and defendant refused to transfer to it his contribution to the business. He cannot deprive plaintiff of his interest by refusing to carry out his contract. As far as the record before us on this appeal shows, the parties became joint owners in the business and would continue as such until the assignment of the assets to the corporation or the dissolution of the partnership.

■ Section 564 of the Code of Civil Procedure, in effect at the time the order was made, provided in part as follows: ''A receiver may be appointed by the court in which an action is pending or by the judge thereof in an action . . . between partners or others jointly owning or interested in any property or fund.'' Under these provisions and on the record before us we conclude that there can be no question of the right of the trial judge to appoint the receiver.

In addition to the formal record on appeal appellant presented certified copies of numerous documents used in the court below. It appears that judgment in the action was rendered on October 4, 1933; that on October 16, 1933, Rose filed an affidavit setting forth that it was for the best interests of the parties that the receiver sell the property; that an order to show cause was issued on the same day ordering the receiver to show cause why he should not sell the property; that this proceeding was dismissed without prejudice on October 19, 1933, on stipulation of the parties; that on November 10, 1933, the receiver filed his report, account current and petition for instructions; that Rose filed an objection to the receiver's report in which he set up that the receiver had received or would receive an offer to purchase the property; that on November 25, 1933, an order was made approving the receiver's report; that on

December 29, 1933, the receiver filed his report of sale; that on the. same day the attorney for Rose, as such, filed an affidavit in which it was stated "that your. affiant believes it is for the best interest of said receivership and the parties to this action that the sale herein made be confirmed. . . . Wherefore, affiant prays that the court make its order confirming said sale"; that on the return day the court asked for and received additional bids for the property and finally accepted the bid of David Schwartz (attorney for appellant) made in behalf of Brownie Rose Candies Inc.; that the sale was confirmed.

The foregoing facts show that after this appeal was taken Rose and his attorney actively cooperated in procuring the sale to be made by the receiver and its confirmation by the trial court. Under these circumstances he should not be permitted to question the legality of the appointment of the receiver.

The appeal from the order appointing the receiver is dismissed.

Barnard, P. J., and Jennings, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on January 14, 1935, and an application by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on February 14, 1935.