[Civ. No. 1549. Fourth Appellate District.—July 22, 1935.]

WADE E. HAMPTON, Respondent, v. J. B. ROSE, Appellant.

David Schwartz and Saul S. Klein for Appellant.

Mott, Vallee & Grant, Paul Vallee, A. L. Abrahams and Frank H. Love for Respondent.

HARDEN, J., *pro tem.*—This is an action to dissolve a partnership and for an accounting. (See *Hampton* v. *Rose,* 3 Cal. App. (2d) 167 [39 Pac. (2d) 447], wherein an appeal from an order appointing a receiver was dissolved, and *Hampton* v. *Rose,* 3 Cal. App. (2d) 170 [39 Pac. (2d) 449], wherein a motion to dismiss an appeal from the judgment was denied,

for a statement of some of the facts.) The business was that of manufacturing and selling candy in Los Angeles.

Upon ample evidence the court found the existence of a partnership between plaintiff and defendant J. B. Rose. It is admitted that plaintiff was excluded from participation in the business and that Rose refused to render an accounting. By the judgment, the partnership was dissolved and a sale of partnership assets was ordered; and it was adjudged that, after payment of fees, costs and debts, the remainder of the proceeds of sale be devoted to the payment to plaintiff of $7,232.43; that thereafter, any surplus remaining be divided equally between plaintiff and Rose; that if the proceeds of sale proved insufficient to pay said sum to plaintiff after payment of fees, costs and debts, plaintiff recover from Rose one-half the amount of the deficiency with interest. Defendant J. B. Rose has appealed from the judgment.

From February 26, 1932, to June 30, 1932, the business had been run by Rose. This is called the first period. The second period was from June 30, 1932, to March 13, 1933, during which time the business was run by Rose for the partnership. The third period is from March 13, 1933, to May 31, 1933, being a portion of the time during which it was run by a receiver.

The principal question on the appeal is as to the correct amount of the income during the second period. Rose reported gross sales during that time of $32,309.89. The cost of merchandise during said period was 51.59 per cent of said amount. In support of the claim that said sum was the total amount collected from sales, Rose produced the books kept in the regular course of the business and the testimony of several witnesses employed in the store. Some of the supporting records such as cash register readings, paid invoices or vouchers, and a production book were missing. Plaintiff claimed Rose withheld them from evidence and that their production would have disclosed a greater gross income than that reported. Under such circumstances resort was had to the testimony of an accountant. He was supplied with figures showing costs and income which are not disputed from which he concluded that during the first period (under Rose's individual operations) the cost of merchandise was 35.91 per cent of the gross sales; that during the third period (the portion of the administration of the receiver) cost of

merchandise was 36.69 per cent of the gross sales; that the average cost of merchandise for the two periods was 36.21 per cent of the gross sales. (A misprint may account for the difference, but our figure would be 36.3 per cent.) Upon the assumption that there had been established thereby a constant relationship between cost of merchandise and gross sales, and being supplied with the cost of merchandise during the second period, it was an easy matter for the accountant to calculate the assumed gross receipts of the business for the second period. Simple arithmetic brought the answer of $46,028.58. There is no claim that there was any error in calculation, provided the formula was right. The conclusion was that the sum of $32,309.89, reported by Rose as the gross receipts, lacked $13,718.69 of being the correct amount. Beginning with this figure as the basis for subsequent calculations, debits and credits not necessary to detail resulted finally in a charge against Rose of $7,232.43 as net receipts for which he had not accounted.

It will be seen that the first period had a duration of 4 months and 4 days and the third period a duration of 2 months and 18 days; that the duration of both periods was 6 months and 22 days. The duration of the second period was 8 months and 13 days.

Complaint is made as to the competency of the testimony of the accountant. To support his method of calculation to establish gross receipts for the second period, he testified that it was the method followed by insurance companies and the internal revenue department of the United States when records were missing.

The competency of the accountant's testimony is not the important question. If his method was right, the court could have applied it without his aid; if wrong, his testimony could not validate it. It is not a question of the competency of opinion evidence. No inquiry as to art, skill, science or other similar subject was involved. The witness did not pretend to have any knowledge of the candy business nor as to the relationship of costs to income in such business. The actual question is as to the sufficiency of the evidence, direct and circumstantial, to support the findings and judgment. The testimony of the accountant did not add to nor detract from the weight of the evidence.

█ Assuredly, there is no presumption of law that there is a constant relationship between cost of merchandise and income. While courts look with suspicion on the failure after demand to produce evidence which ought to be in the possession of a defendant, such suspicion will not operate to relieve the plaintiff of the burden of proof nor supply requisite facts to support findings and judgment. We are referred by counsel to no authority *pro* or *con*. We think the justifiable inferences derivable from the showing of the average of costs and income during the first and third periods and all the evidence in the case will not suffice to establish the finding that the gross income during the second period was $46,028.58.

We understand from the other proceedings before the court (proceedings, cited, *supra*) that there has been a sale of the partnership assets in the winding up of the business pursuant to the judgment and that the proceeds thereof are now in the hands of the commissioner. Therefore it is necessary to preserve, as far as possible, all that has been done pursuant to the judgment.

The only error we have noted is the one already considered.

The portion of the judgment to the effect that there be paid to plaintiff from the proceeds of sale the sum of $7,232.43 is reversed, and the case is remanded for a new trial upon the issue of the amount of the income from the business during the period from June 30, 1932, to March 13, 1933; that after the ascertainment thereof, and after the making of proper debits and credits, the court render a money judgment for such sum, if any, as is found to be due. In other respects the judgment is affirmed.

Barnard, P. J., and Jennings, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on August 15, 1935, and applications by appellant and respondent to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on September 19, 1935.