[Civ. No. 3289. Fifth Dist. Dec. 21, 1977.]

Estate of ALBERT A. BERGES, Deceased.
EVELYN FELIZ, Petitioner and Appellant, v.
ISABEL THOMPSON, Individually and as Executrix, etc.,
et al., Claimants and Respondents.

**COUNSEL**

Young, Wooldridge, Paulden & Self and Joseph Wooldridge for Petitioner and Appellant.

Edwin W. Wilson for Claimants and Respondents.

**OPINION**

**BROWN (G. A.), P. J.**—The determinative issue herein is whether the language of paragraph Fourth of the will of the decedent, Albert A.

Berges, created valid testamentary trusts in favor of the children of Isabel Thompson (Isabel), Jim Feliz (Jim) and Josephine Feliz Dawson (Josephine). Paragraph Fourth states:

"FOURTH: I do hereby give, devise and bequeath to EVELYN FELIZ the sum of $5,000.00 cash, and any automobile that I may die possessed of.

"I do hereby give, devise and bequeath to ISABEL THOMPSON, as trustee, the sum of $600.00 for each of her children surviving at the time of my demise.

"I do hereby give, devise and bequeath to JIM FELIZ, as trustee, the sum of $600.00 for each of his children, and I do hereby give, devise and bequeath to JOSEPHINE FELIZ DAWSON, as trustee, the sum of $600.00 for each of her children at the time of my demise. Said trusts shall terminate when each of said children attain the age of eighteen years.

"All of the remainder and residue of my estate, I do hereby give, devise and bequeath to the following equally, share and share alike, namely: ISABEL THOMPSON, a sister; JIM FELIZ, a brother; JOSEPHINE FELIZ DAWSON, a niece; and to San Felipe Boys Home in Bakersfield, California, said sum to be used solely and exclusively for the benefit of said San Felipe Boys Home in Bakersfield, California.

"In the event my brother, or sister. or niece should predecease me, then in that event I do hereby give their respective shares to their children by right of representation."

The critical facts are stipulated. Decedent died without surviving spouse or issue. Isabel (decedent's sister) has five children, Jim (decedent's brother) has ten children, and Josephine (a niece) has two children. The specific legatee, Evelyn Feliz (Evelyn) is not a blood relative of decedent. There were insufficient assets in the estate to satisfy both the gift to Evelyn and the purported gifts in trust to Isabel, Jim and Josephine as trustees for their children.

Evelyn filed a petition to determine heirship, asserting the purported trusts are invalid. ▮ The probate court determined that the trusts are valid and, pursuant to the provisions of Probate Code section 752,[1] since the decedent's estate available for distribution was not sufficient to

---

[1] Probate Code section 752 provides: "Unless a different intention is expressed in the will, abatement takes place in any class only as between legacies of that class, and

pay all specific bequests in full, the specific bequest to Evelyn abated in its entirety before the bequest to the testator's trustees for the benefit of their children.

Initially we note a few elementary rules governing this court's function in interpreting the will. ■ No extrinsic evidence having been introduced in the trial court as to the meaning of the will or intention of the testator, the construction and interpretation of the will is a question of law, and we are not bound by the interpretation of the trial court. (*Reagh v. Kelley* (1970) 10 Cal.App.3d 1082, 1088-1089 [89 Cal.Rptr. 425].) ■ The paramount rule of interpretation is that the will must be construed in accordance with the intention of the testator as expressed in the will (*Estate of Johnston* (1956) 47 Cal.2d 265, 269 [303 P.2d 1]), and each case depends upon its own peculiar facts (*Estate of Axcelrod* (1944) 23 Cal.2d 761, 766-767 [147 P.2d 1]). It has been stated that a trust must be given a liberal construction with view toward sustaining the testator's intent if possible, and the will should not be construed as creating an invalid trust unless the language will admit of no other reasonable construction. (48 Cal.Jur.2d, Trusts, § 60, p. 706.)

A valid trust may be created by any words or acts of the trustor which indicate with "reasonable certainty" an intention on his part to create a trust and the subject, purpose and beneficiary of the trust. (Civ. Code, § 2221;[2] *Estate of Johnston, supra,* 47 Cal.2d 265, 270.)

■ Appellant argues that the trusts are invalid because the use, purpose or terms of the trusts cannot be determined and it cannot be ascertained "what the trustee is to do with the money, or how it is to be applied, used, distributed, invested or disposed of. It does not provide what is to happen to the money when each child reaches eighteen years. It does not direct the trustee to distribute the money to any beneficiary." Appellant apparently does not dispute that the res was identified ($600 per child), the identities of the beneficiaries were known and that the existence of an intention on the part of the decedent to create the trusts was present.

---

legacies to a spouse or to kindred shall abate only after abatement of legacies to persons not related to the testator."

[2] Civil Code section 2221 provides:

"Subject to the provisions of Section 852, a voluntary trust is created, as to the trustor and beneficiary, by any words or acts of the trustor, indicating with reasonable certainty:

"1. An intention on the part of the trustor to create a trust, and,

"2. The subject, purpose, and beneficiary of the trust."

The contention that the term cannot be identified is frivolous. The trust as to each beneficiary's share expressly terminates when the beneficiary reaches 18 years.

The terms of the trusts make it "reasonably certain" within the meaning of Civil Code section 2221 that the trustor's purpose was to bestow a present equitable bequest on the beneficiaries and to have those bequests held and controlled by the trustees until each beneficiary reaches majority so as to delay the actual enjoyment of those funds and the accumulated interest. Since these purposes could have been the object of a contract, a trust can be created to accomplish them. (Civ. Code, § 2220.)[3] An even more limited purpose was upheld in *La Fleur* v. *M. A. Burns Lumber Co.* (1922) 188 Cal. 321, 323 [205 P. 102], in which property was declared to be merely "held by me in trust for E. T. Hall, or his assigns." "In the case at bar an intention to create a trust is clearly shown in the declaration, and the purpose of the trust, as in *Lynch* v. *Rooney, supra* [112 Cal. 279, 284 (44 P. 565)], is to acknowledge that the whole interest in fee is in Hall as beneficiary." (*La Fleur* v. *M. A. Burns Lumber Co., supra,* 188 Cal. 321, 328.)

The obligation to hold and control the trust res is manifestly an affirmative duty which is reasonably ascertainable from the terms of the trusts.

Appellant's final contention that inadequate directions are given for guiding the trustees in their discretionary control of the trust properties is unmeritorious in view of the affirmative obligations imposed by law upon a trustee with respect to the trust res. (See Civ. Code, §§ 2228-2239, 2259, 2261, 2262, 2267, 2269; *Estate of Shaw* (1926) 198 Cal. 352, 364 [246 P. 48].)

When each minor reaches majority he is entitled in a proper proceeding to have a declaration that the trust is terminated and to receive a conveyance from the trustee. (7 Witkin, Summary of Cal. Law (8th ed. 1974) Trusts, § 115(3), p. 5472; see also *Ball* v. *Mann* (1948) 88 Cal.App.2d 695, 699 [199 P.2d 706], which held that when the minor beneficiary reaches the age of majority "by operation of law the trust is

---

[3]Civil Code section 2220 provides that: "A trust in relation to real and personal property, or either of them, may be created for any purpose or purposes for which a contract may be made." (See 7 Witkin, Summary of Cal. Law (8th ed. 1974) Trusts, § 26, p. 5389.)

thereupon executed and the legal and equitable title is united in him [beneficiary].")

Appellant cites a number of cases, all of which are distinguishable. Principal reliance is based upon *Wittfield* v. *Forster* (1899) 124 Cal. 418 [57 P. 219]. In that case the deceased executed an instrument in writing a few days before his death which purported to convey all of his property, both real and personal, " 'to George Foster . . . as trustee in trust for San Diego Lodge No. 35 . . . . To have and to hold unto said trustee, his successors and assigns, forever.' " (*Id.,* at p. 419.) In an action brought by the executor and heirs of the decedent the court declared the purported trust void. The case is clearly distinguishable. There was no termination date stated, and it was totally uncertain when, if ever, the income or principal was to be distributed to the corporate beneficiary which presumably had perpetual existence. Thus just what the beneficiary was to receive and when it was to receive it cannot be ascertained from the language of the trust document. In *Wittfield,* unlike *La Fleur* v. *M. A. Burns Lumber Co., supra,* 188 Cal. 321, a purpose to bestow a benefit on the named beneficiary was not reasonably ascertainable from the trust instrument. The absence of such purpose rendered the trust invalid under Civil Code section 2221.

We need not reach the ademption issue raised by respondents. Respondents' contention that the appeal is frivolous is itself frivolous.

Accordingly, it is concluded that the trusts created by the decedent herein are valid, from which it follows that the trial court's determination is correct.

The judgment is affirmed.

Franson, J., and Hanson (P. D.), J.,* concurred.

---

*Assigned by the Chairperson of the Judicial Council.